■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v CHARLES RICHARDSON, Appellant. — Judgment of the Supreme Court, Bronx County (Holland, J.), convicting defendant after trial by jury, of criminal possession of a weapon in the second degree and reckless endangerment in the first degree and sentencing him as a second felony offender to concurrent indeterminate terms of imprisonment of from 6 to 12 years on the weapons charge and 3½ to 7 years for the reckless endangerment, is modified, on the law and facts, to the extent of reversing the conviction for reckless endangerment in the first degree, dismissing that count of the indictment, vacating the sentence in its entirety and remanding for resentencing on the remaining count and, as so modified, otherwise affirmed. John Wiggers testified at trial that on October 25, 1979, after he finished working at St. Luke's Hospital, he went to a social club at 800 East 160th Street in The Bronx where, as a second job, he cleaned up the premises each night after the club closed. When he arrived at 1:00 A.M., appellant, whom he had known on a first but not last name basis for several years, and five other patrons of the club, two of whom he knew by their nicknames, were standing outside. As Wiggers unlocked the door, appellant and the others shoved him inside and told him they wanted to play cards. Appellant said: "I'll give you some money to play cards," but Wiggers told them that he was not allowed to let them stay; that he had to clean up; and that he needed the job and the extra money. He was able to coax the men to go outside with him and then he turned and locked the door from the outside. As he turned away from the door, he was talking to one of the men named Sam, when appellant, who was standing eight feet away, fired a pistol *in the air* and then pointed it at Mr. Wiggers and said: "This one is for you." Wiggers said nothing and slowly started walking away down the block, at which point he heard the group all laugh at him. He flagged down a patrol car and he and the police returned to the club, but by then everyone had left. They drove to appellant's home. When the appellant arrived there, Mr. Wiggers identified him and he was arrested by the police. The police frisked appellant and found a revolver in his right pants pocket. The revolver contained five live rounds and one empty chamber. Appellant did not testify at trial, but witnesses for the defense, who were present at the time of the incident, did testify that no shots were fired and that appellant and Mr. Wiggers did not argue that evening. Section 120.25 of the Penal Law provides that "[a] person is guilty of reckless endangerment in the first degree when, under circumstances evincing a depraved indifference to human life, he recklessly engages in conduct which creates a grave risk of death to another person." The crime represents the third and lowest of three rungs on a ladder of homicide and assault crimes based upon reckless conduct of the indicated extreme or depraved nature. Thus, if a person wantonly and recklessly shoots into a crowd without any specific intent to kill or injure, and death results, the crime is murder in the second degree. If serious physical injury results, the crime is assault in the first degree. If no injury results, the crime is reckless endangerment in the first degree. (See Hechtman, Practice

Commentaries, McKinney's Cons Laws of NY, Book 39, Penal Law, § 120.25, pp 365-366.) The evidence herein was insufficient to establish appellant's guilt of reckless endangerment in the first degree beyond a reasonable doubt. The testimony at trial by complainant established no more than that appellant stood eight feet from the complainant, shot a pistol in the air once, and then pointed the weapon at the complainant with a verbal threat. The discharge of the weapon in the air posed no threat to the complainant, let alone "a grave risk of death". Furthermore, the mere pointing of a loaded gun from a distance of eight feet does not establish such a risk or a "depraved indifference to human life". The evidence established either harassment with a weapon consistent with the crime of menacing (a defendant "is guilty of menacing when, by physical menace, he intentionally places * * * another person in fear of imminent serious physical injury" [Penal Law, § 120.15]) or, at most, reckless endangerment in the second degree, which is committed when a person "recklessly engages in conduct which creates a substantial risk of serious physical injury to another person" (Penal Law, § 120.20). The evidence was sufficient for the jury to find appellant guilty beyond a reasonable doubt of criminal possession of a weapon in the second degree. Section 265.03 of the Penal Law provides that person is guilty of that crime when "he possesses a machine-gun or loaded firearm with intent to use the same unlawfully against another." The trial evidence was sufficient to infer from appellant's conduct that the unlawful use was to menace, harass or recklessly endanger (in the second degree) the complainant. We have examined the remaining contentions of appellant upon this appeal and find them to be without merit. In view of our dismissal of the count of the indictment charging defendant with reckless endangerment in the first degree, we deem it proper to vacate the entire sentence and remand for resentencing on the conviction for criminal possession of a weapon in the second degree. Concur — Kupferman, J. P., Sandler, Asch and Lynch, JJ.