■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JOHN SCHOONMAKER, Appellant. — Appeal from a judgment of the County Court of Ulster County (Vogt, J.), rendered January 17, 1983, upon a verdict convicting defendant of the crimes of criminal possession of a weapon in the third degree and reckless endangerment in the first degree. ¶ Defendant's conviction is based upon his conduct in firing a bullet from a .38 caliber handgun into the kitchen of the residence of Nanon Refregier in the City of Kingston. At the time, Alice Van Wagner, a girlfriend of defendant and of Refregier, was visiting, having gone there after she had left a note for defendant in a trailer they had been sharing for about six months previously, informing him that she was terminating their relationship. Before writing the note, Van Wagner had noticed defendant with a brown bag containing a .38 caliber gun, which defendant admitted to her that he was carrying. While at the Refregier home,

Van Wagner received a telephone call from defendant to the effect that he did not want their relationship to end, and that he would do anything to prevent that from happening. Just before 11:00 P.M., defendant drove up to the Refregier home and called for Van Wagner to come out of the house, calling out, "I can see you through the window." Van Wagner, who was going from the living room to the kitchen, crouched down when she saw the car and heard defendant's voice, and retreated to a hallway in the center of the house. Refregier heard the "popping noise" of the gun and Joseph Fortes, a neighbor and a retired marksman instructor at West Point, saw the gun flash and heard its report. ¶ A police investigation revealed a hole in the outside kitchen wall, and metallic fragments of the bullet were taken from the hole and from the kitchen floor inside. Following the incident, defendant left the City of Kingston and was subsequently apprehended in Las Vegas, Nevada, on a warrant. After a jury trial, defendant was sentenced as a prior felony offender, based on a Florida conviction of the crime of murder in the second degree, to indeterminate concurrent terms of two and one-half to five years for each crime. ¶ On this appeal, defendant argues that his conviction of reckless endangerment in the first degree cannot stand since no person was in the immediate vicinity of the path of his bullet. That fact was merely fortuitous and cannot inure to the benefit of this defendant, who knew the house was occupied and who did not know the location of the occupants when he fired into the outside wall of the kitchen (see *Matter of Mario Y.*, 75 AD2d 954, 956). ¶ Concerning defendant's claim regarding the chain of custody of certain evidence, the record establishes that the bullet fragments, when taken by the police, were placed in a sealed envelope in a locker to which only the officer who obtained the fragments had access; the envelope thereafter was placed properly marked, in the evidence vault of the New York State Police Lab at Newburgh and in the Albany lab of that department during the time the fragments were being tested. At trial, the detective who collected the fragments positively identified them as the same ones that he had obtained. There is nothing, therefore, that casts doubt upon the identity or integrity of this evidence (see *People v White,* 50 AD2d 614). ¶ Furthermore, contrary to defendant's contention, he was properly sentenced as a prior felon, having admitted the Florida conviction, and the sentence imposed was neither cruel nor unduly harsh in view of the circumstances of his conviction and his prior record. ¶ The judgment of conviction should therefore be affirmed. ¶ Judgment affirmed. Mahoney, P. J., Kane, Casey, Weiss and Levine, JJ., concur.