◼ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v CHARLES E. MENARD, Appellant.—Yesawich, Jr., J. Appeal from a judgment of the County Court of St. Lawrence County (Duskas, J.) rendered July 10, 1984, upon a verdict convicting defendant of the crime of reckless endangerment in the first degree.

Defendant's companion, Donna Cadrette, provided the principal evidence at defendant's trial supportive of the first count of the indictment, a charge of reckless endangerment in the first degree.*Cadrette testified that in the early morning hours of December 25, 1983, after attending a round of parties, she returned to the City of Ogdensburg apartment she shared with defendant. The latter, already there and angry about an incident that had occurred earlier in the evening, pushed Cadrette to the bedroom floor and yelled at her for a period of 15 or 20 minutes. During that time, he was brandishing a shotgun which, according to Cadrette, he discharged once into the bedroom floor but never aimed directly at her. There were also other guns available to defendant in the apartment.

Police officers summoned to the scene testified that, after

---

* Defendant was also charged with menacing, but was acquitted of that count.

arresting defendant, they searched the bedroom and found two bullet holes in the wooden floor, two slugs beneath it and two spent 12-gauge shotgun shell casings on the floor. The bullet holes were each located about 1½ feet from Cadrette; the shot adjacent to her head had a trajectory perpendicular to the floor, while the second shot, near her feet, entered at an angle of approximately 45 degrees and traveled away from Cadrette's body. There were no witnesses to the shooting itself other than Cadrette, although one of the officers observed defendant aiming the gun at her as she was lying on the bedroom floor. Defendant's motion to dismiss the indictment for failure to prove a prima facie case was denied and the jury convicted defendant of reckless endangerment in the first degree.

Of defendant's various contentions, only one, that challenging the sufficiency of the evidence, deserves comment. Penal Law § 120.25 provides that a person commits the crime of reckless endangerment in the first degree when "under circumstances evincing a depraved indifference to human life, he recklessly engages in conduct which creates a grave risk of death to another person." Reviewed in the light most favorable to the People *(see, People v Kennedy,* 47 NY2d 196, 203), the evidence established that throughout a heated dispute with Cadrette, defendant fired a gun at least once in close proximity to her. That proof was sufficient to support the verdict *(see, People v Graham,* 41 AD2d 226, 228).

Judgment affirmed. Kane, J. P., Mikoll, Yesawich, Jr., Levine and Harvey, JJ., concur.