■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JOHN A. SALLITTO, Appellant.—Appeal by the defendant from a judgment of the County Court, Suffolk County (Kitson, J.),

rendered September 16, 1982, convicting him of reckless endangerment in the first degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is reversed, on the law, the indictment is dismissed, and the case is remitted to the County Court, Suffolk County, for the purpose of entering an order in its discretion pursuant to CPL 160.50.

The defendant was charged in a single-count indictment with reckless endangerment in the first degree.

The evidence adduced at trial revealed that the defendant fired several shots from a .22 caliber rifle while standing on the raised front porch of his house, facing Park Avenue in Huntington, New York. Traffic on Park Avenue was moderate to heavy at that time. At least one of the shots hit a plastic flower pot on the lawn of the house, about 25 feet from the porch and 10 to 15 feet from Park Avenue. Although the indictment charged that the defendant fired a number of shots into passing automobile traffic, there was no properly admitted evidence that he actually did so.

A conviction for reckless endangerment in the first degree requires a showing that the defendant, under circumstances evincing a depraved indifference to human life, recklessly engaged in conduct which created a grave risk of death to another person (Penal Law § 120.25). The facts of the instant case, when viewed in the light most favorable to the prosecution, reveal that the defendant fired one or more shots in the general direction of Park Avenue, at least one of which hit an object 10 feet short of the roadway. This conduct does not establish that the defendant acted under circumstances evincing a depraved indifference to human life, or that he created a grave risk of death (see, People v Richardson, 97 AD2d 693; cf. People v Menard, 113 AD2d 972; People v Fenner, 61 NY2d 971; People v Register, 60 NY2d 270, cert denied 466 US 953).

Further, the trial court improperly admitted, over objection, the hearsay statement of an unidentified person who allegedly reported to the police that he had seen the defendant shooting a rifle at traffic. The People argue that this statement was not admitted for its truth, but to establish a predicate for police action. However, since this unidentified hearsay declarant was the only person to have claimed to have actually seen the defendant fire into traffic, and the jury was never instructed that it could not consider the statement for its truth, the erroneous admission of this testimony deprived the defendant of a fair trial.

In view of the foregoing, the indictment must be dismissed.

The defendant's remaining contentions are either without merit or unpreserved for appellate review. Thompson, J. P., Bracken, Rubin and Spatt, JJ., concur.