■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v WILLIAM F. JEROME, Appellant.—Kane, J. Appeal from a judgment of the County Court of St. Lawrence County (Nicandri, J.), rendered March 23, 1987, upon a verdict convicting defendant of the crime of reckless endangerment in the first degree.

This appeal arises from defendant's conviction, after a jury trial, of the crime of reckless endangerment in the first degree. The facts of this case, as elicited from the record and trial testimony, are as follows. Defendant's brother, James Jerome, was for a period of time apparently illegally tapping

into defendant and his wife's power lines. On April 29, 1986, while defendant's wife and Jerome's girlfriend, Monica Brooks, were quarrelling over this situation, defendant and Jerome also began to quarrel. As a result, Jerome pointed a rifle at defendant, who then went into his own home and returned with an M-1 carbine and started shooting at the ground. One of the bullets bounced off the ground and struck Brooks in her lower right leg.

In support of his argument that his conviction should be reversed, defendant initially claims that the evidence was insufficient to support a finding of guilt for the crime of reckless endangerment in the first degree. He raises several points in support of this claim, all of which we reject as lacking in merit. One point, however, does merit discussion. That concerns defendant's contention that the People were required to prove that defendant was in "close proximity" to Brooks when he fired the rifle. Penal Law § 120.25 provides that: "A person is guilty of reckless endangerment in the first degree when, under circumstances evincing a depraved indifference to human life, he recklessly engages in conduct which creates a grave risk of death to another person." The statute itself contains no requirement that a defendant be in close proximity to a victim. Further, in *People v Schoonmaker* (103 AD2d 936, 937), this court specifically rejected the argument that since there was no person in the "immediate vicinity" of the path of that defendant's bullet, a conviction under Penal Law § 120.25 could not stand. As we stated: "That fact was merely fortuitous and cannot inure to the benefit of this defendant, who knew the house was occupied and who did not know the location of the occupants when he fired into the outside wall of the kitchen" *(supra,* at 937). *(See also, People v Koullias,* 96 AD2d 869, 870 [a fire or explosion that injured someone several blocks away constituted reckless endangerment in the first degree].)

Contrary to defendant's argument, *People v Menard* (113 AD2d 972, *lv denied* 68 NY2d 772) does not stand for the proposition that Penal Law § 120.25 requires that a victim be in close proximity *(see, supra,* at 973). Additionally, we also find that the evidence was sufficient to demonstrate that defendant's conduct evinced a "depraved indifference to human life" (Penal Law § 120.25). Unlike *People v Richardson* (97 AD2d 693), wherein the defendant simply shot a pistol in the air once, here defendant admitted that he "fired a couple rounds into the ground". Contrary to the dissent's argument, there was no requirement that the People show the direction

in which the rifle was fired vis-à-vis the positions of other people present. The crime of reckless endangerment is a nonintent offense *(see, People v Trepanier,* 84 AD2d 374, 380). In our view, by shooting at the ground, as defendant did, this clearly presented a reasonable chance that someone would get hurt, and in this case actually did, by bullets ricocheting off the ground. Therefore, the evidence was sufficient to support the jury's verdict.

We have reviewed defendant's remaining arguments and find them to be without merit. Accordingly, defendant's judgment of conviction should be affirmed.

Judgment affirmed. Kane, Casey, Weiss and Levine, JJ., concur.

Mahoney, P. J., dissents and votes to reverse in a memorandum. Mahoney, P. J. (dissenting). Since it is my view that the evidence offered by the People was insufficient as a matter of law to support a conviction of reckless endangerment in the first degree, I would reverse the conviction and dismiss the indictment.

In order to sustain its burden of proof, the prosecution was required to prove, *inter alia,* that defendant acted recklessly and that his conduct demonstrated a "depraved indifference to human life" (Penal Law § 120.25). The culpable mental state or recklessness is defined by Penal Law § 15.05 (3): "A person acts recklessly with respect to a result or to a circumstance described by a statute defining an offense when he is aware of and consciously disregards a substantial and unjustifiable risk that such result will occur or that such circumstance exists. The risk must be of such nature and degree that disregard thereof constitutes a gross deviation from the standard of conduct that a reasonable person would observe in the situation."

In the instant case, the action of defendant which created the risk was the firing of the rifle. It is conceded that the bullet did not strike the victim directly, but bounced off the ground and then struck her in the leg. Whether defendant's conduct created a substantial and unjustifiable risk, thus demonstrating recklessness, depends upon the direction in which the rifle was fired vis-à-vis the positions of people present. The People offered no proof on this point. Firing a weapon in a direction such that there is no reasonable chance that anyone could be hurt would not amount to a "gross deviation from the standard of conduct that a reasonable person would observe in the situation" (Penal Law § 15.05 [3])

and, thus, would not support a conviction for reckless endangerment *(see, People v Richardson,* 97 AD2d 693). The majority's reliance on *People v Schoonmaker* (103 AD2d 936) is misplaced. There, unlike here, the People offered proof that the defendant fired toward a room of a house where he could reasonably have believed a person to be present.

Even assuming that defendant's conduct in the instant case was reckless, without any proof of the direction in which the rifle was fired, such conduct hardly rises to the level of a depraved indifference to human life. Depraved indifference to human life refers to a particularly egregious form of wantonness or lack of concern for human life that is equal in blameworthiness to intentional conduct *(see, People v Register,* 60 NY2d 270, 275, *cert denied* 446 US 953; Donnino, Practice Commentaries, McKinney's Cons Laws of NY, Book 39, Penal Law art 125, at 491). In my view, based on all of the circumstances, defendant's conduct, even if reckless, did not rise to the level of a depraved indifference to human life.