OPINION OF THE COURT
Michael A. Gary, J.
Defendant is charged with unlawful possession and use of a shotgun in violation of Penal Law § 265.01 (2) (criminal possession of a weapon in the fourth degree), reckless endangerment in the second degree (Penal Law § 120.20) — both class A misdemeanors, and also menacing (Penal Law § 120.15) — a class B misdemeanor. He has moved pursuant to CPL 170.30 (1) (a) and 170.35 (1) (a) to dismiss all charges for facial insufficiency. Resolution of this motion highlights an apparent loophole in the statutory scheme to prosecute and punish illegal gun possession.
DISCUSSION
The charges against the defendant are based solely upon the personal observations of the deponent — a civilian witness. The accusatory instrument reads, in pertinent part: "[0]n or about July 25, 1990 at about 9:30 pm at the corner of Flatbush Avenue and East 22 Street * * * the defendant did shoot at the deponent with a shotgun, placing the deponent in fear of imminent serious physical injury and creating a substantial risk of serious physical injury to the deponent.”
Defendant, citing People v Alejandro (70 NY2d 133 [1987]), argues that a ballistics report demonstrating the operability of the shotgun must be filed with the court in order to establish by nonhearsay factual allegations every element of the offenses charged. The People, in their written response, concede that no shotgun was recovered in this case and there is no physical evidence that one was fired. Nevertheless, the People contend, the factual portion of the complaint set forth above is sufficient to support all the crimes charged and that "based upon the testimony and observations of the complainant * * * [the People] will demonstrate at trial that defendant possessed the shotgun.”
*566 In People v Alejandro (supra), the Court of Appeals noted that the distinguishing characteristic of an information is its use as the sole instrument upon which the defendant is prosecuted. Unlike a felony complaint, an information is not followed by a preliminary hearing or a Grand Jury proceeding. This distinction prompted the Legislature to require that an information contain nonhearsay factual allegations sufficient to establish a prima facie case. Moreover, where a defendant is charged, as here, with class A and B misdemeanors, the determination of facial sufficiency affects both defendant’s speedy trial and jury trial rights. Accordingly, while this court is loathe to examine the People’s evidence, it cannot be satisfied with the People’s representation that proof will be forthcoming at trial. Rather, as Alejandro mandates, the court must decide whether a prima facie case has been made out by scrutinizing the factual allegations in the accusatory instrument in light of the elements of the crimes charged.
PENAL LAW § 265.01 (2) — CRIMINAL POSSESSION OF A WEAPON IN THE FOURTH DEGREE
Penal Law § 265.01 (2) provides:
"[a] person is guilty of criminal possession of a weapon in the fourth degree when * * *
"[h]e possesses any dagger, dangerous knife, dirk, razor, stiletto, imitation pistol, or any other dangerous or deadly instrument or weapon with intent to use the same unlawfully against another”.
Penal Law § 265.00 (12) defines a "shotgun” as: "a weapon designed or redesigned, made or remade, and intended to be fired from the shoulder and designed or redesigned and made or remade to use the energy of the explosive in a fixed shotgun shell to fire through a smooth bore either a number of ball shot or a single projectile for each single pull of the trigger.”
Defendant correctly points out that he cannot be charged with possession of a shotgun as a firearm because there is obviously no indication of the length of the unrecovered shotgun in the accusatory instrument. (See, Penal Law § 265.00 [3] [b], [d].) Clearly, the People’s theory of prosecution is not that the defendant wielded the shotgun like a club or dangerous instrument. (See, Penal Law § 10.00 [13]; cf., People v Carter, 53 NY2d 113 [1981].) Therefore, the focus here is *567 whether the factual allegation that "the defendant did shoot at the deponent with a shotgun” establishes prima facie that the defendant possessed a deadly weapon.
"Deadly weapon” is defined, in pertinent part, as: "any loaded weapon from which a shot, readily capable of producing death or other serious physical injury, may be discharged”. (Penal Law § 10.00 [12].)
The People cannot prove that the unrecovered shotgun here was a "deadly weapon” without proof that it was both operable and loaded with live ammunition at the time it was allegedly fired. (See, People v Shaffer, 66 NY2d 663 [1985] [conviction reversed]; People v Grillo, 15 AD2d 502 [1961], affd 11 NY2d 841 [1962] [indictment dismissed]; People v Harvin, 126 Misc 2d 775 [1984] [proof of operability necessary to convert complaint into information].)
Although the deponent’s assertion that the shotgun was fired at him is a prima facie showing of operability, there is nothing in the accusatory instrument proving that the shotgun was loaded with live ammunition. It is not enough to simply allege that the weapon was fired. (See, People v Melhado, 53 NY2d 984 [1981].) In Melhado (supra, at 985), the court found "testimony that defendant was seen holding a pistol at the time of the shooting and that shots were fired from the area where the defendant was standing with two or three other individuals [does not constitute evidence] * * * that defendant was in possession of a loaded weapon” (emphasis added). In this case, it is entirely plausible that the deponent observed an imitation gun or a shotgun that fires blanks. (See also, People v Quinnones, NYLJ, Dec. 3, 1990, at 30, col 3 [firearms possession counts of indictment dismissed where only evidence before Grand Jury that gun was loaded was testimony of a witness that defendant fired a gun in the air].)
The People concede that there are no further factual allegations which could be alleged in this accusatory instrument to establish that the shotgun was loaded. Moreover, this court takes judicial notice that neither the deponent nor any other human being, including a ballistics expert, can testify that he/ she observed a bullet being discharged from a fired weapon.
Accordingly, since it is impossible to draw and file an accusatory instrument sufficient on its face as to the criminal possession of a weapon in the fourth degree count, that count must be dismissed for facial insufficiency. (CPL 140.45.)
*568 RECKLESS ENDANGERMENT IN THE SECOND DEGREE
Penal Law § 120.20 provides that "[a] person is guilty of reckless endangerment in the second degree when he recklessly engages in conduct which creates a substantial risk of serious physical injury to another person.”
"Recklessly” is defined, in pertinent part, as follows: "A person acts recklessly with respect to a result or to a circumstance described by a statute defining an offense when he is aware of and consciously disregards a substantial and unjustifiable risk that such result will occur or that such circumstance exists. The risk must be of such nature and degree that disregard thereof constitutes a gross deviation from the standard of conduct that a reasonable person would observe in the situation.” (Penal Law § 15.05 [3].)
Reckless endangerment is defined in terms of the risk produced by defendant’s conduct, not the defendant’s intent. In People v Davis (72 NY2d 32 [1988]), the Court of Appeals reviewed the existing case law concerning the sufficiency of evidence to support a reckless endangerment charge involving the use of firearms. The court observed: "Reckless endangerment frequently involves the use of firearms, but no case has been found which holds that the mere threatened use of a gun is sufficient to support a reckless endangerment conviction and there are decisions holding that it does not (see, e.g., People v Richardson, 97 AD2d 693, 694). The cases generally require that the weapon be fired, or at a minimum, capable of firing (see, People v Menard, 113 AD2d 972 [conviction upheld where slugs found in floor IV% feet from where complainant had been]; People v Schoonmaker, 103 AD2d 936 [firing gun at house known to be occupied where occupants’ location in dwelling is unknown constitutes reckless endangerment]; People v Graham, 41 AD2d 226, supra [defendant two feet from complainant guilty of reckless endangerment where he held gun eight inches from her and fired to the side of her head]). Moreover, even if a gun is fired, that standing alone, is not enough to constitute commission of the crime. The use of the gun must create a risk. Thus, it has been held that shooting a pistol into the air (People v Richardson, 97 AD2d 693, supra) or in the general direction of a roadway but considerably short of it (People v Sallitto, 125 AD2d 345) does not constitute reckless endangerment.” (Supra, at 36-37.)
Accordingly, without some proof here that the shotgun *569 the defendant allegedly possessed and fired was loaded, it is factually impossible to prove that defendant’s conduct constituted a risk of serious physical injury to anyone. (See, People v Davis, supra [charge of reckless endangerment in the first degree properly dismissed where evidence established that defendant pointed a gun at police officer and pulled the trigger, but the gun did not fire].)
MENACING
Penal Law § 120.15 provides that "[a] person is guilty of menacing when, by physical menace, he intentionally places or attempts to place another person in fear of imminent serious physical injury.” Defendant’s assertion that something more is required than the factual allegations already present in this accusatory instrument in order to be facially sufficient flies in the face of the menacing statute’s minimal requirements. In fact, pointing an unloaded gun at another individual is the classical illustration of the conduct which constitutes menacing. (See, Donnino, Practice Commentaries, McKinney’s Cons Laws of NY, Book 39, Penal Law § 120.15, at 476.) Therefore, the factual allegations here amply support the menacing count.
CONCLUSION
 In order to make out a prima facie case of criminal possession of a weapon in the fourth degree and reckless endangerment in the second degree where the accusatory instrument charges the defendant with firing an unrecovered gun at another individual, the People must, by some nonhearsay allegation, establish that the weapon was loaded at the time of the shooting. This court is well aware of the People’s twin laments at its decision. The first is that scarce police resources are simply not available to investigate the frequent reports of shootings on our city’s streets. Even if they were, it is perhaps an impossible task to find physical evidence that the gun was loaded, especially in circumstances like this case which would involve a nighttime search. The second concern is that in cases as serious as the one before the court, involving the alleged firing of a gun at another individual on a city street, existing statutes and case law permit no more than a class B misdemeanor menacing prosecution where the weapon *570 is not recovered.[1] To close this apparent loophole in the statutory scheme proscribing illegal gun possession and use, this court respectfully urges the Legislature to amend the present menacing statute. A new "Menacing in the first degree” would build upon currently utilized statutes proscribing illegal display of guns[2] and would be aimed specifically at illegal use of guns in a public place and would read as follows: A person is guilty of menacing in the first degree when he discharges what appears to be a pistol, revolver, rifle, shotgun, machine gun or other firearm in a public place and thereby intentionally places or attempts to place another person in fear of imminent serious physical injury.
Menacing in the first degree is a class A misdemeanor.
For the reasons stated above, defendant’s motion to dismiss is granted as to the counts of criminal possession of a weapon in the fourth degree and reckless endangerment in the second degree and denied as to the menacing count.

. See, Administrative Code of City of New York § 10-131 (h) (2): "It shall he unlawful for any person to carry or possess an unloaded rifle or shotgun in public within the city limits unless such rifle or shotgun is completely enclosed, or contained, in a nontransparent carrying case. Any person who shall violate this subdivision shall be guilty of an offense punishable by a fine of not more than fifty dollars ($50) or by imprisonment not exceeding thirty (30) days, or both such fine and imprisonment.” See also, People v Wilfong, 146 Misc 2d 577 (App Term, 1st Dept 1990) (conviction of criminal possession of a weapon in the fourth degree — imitation pistol — reversed where facts established the unrecovered weapon was a real gun).

. See, Penal Law § 160.15 (4); § 160.10 (2) (b); People v Baskerville, 60 NY2d 374 (1983); People v Lockwood, 52 NY2d 790 (1981).