■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v DAVID R. CHRYSLER, Appellant. [611 NYS2d 74] —Judgment modified on the law and as modified affirmed in accordance with the following Memorandum: The conduct of defendant in holding a gun to the head of his former girlfriend and threatening her with it is insufficient to support a conviction of reckless endangerment. "Reckless endangerment frequently involves the use of firearms, but no case has been found which holds that the mere threatened use of a gun is sufficient to

support a reckless endangerment conviction and there are decisions holding that it does not *(see, e.g., People v Richardson,* 97 AD2d 693, 694)" *(People v Davis,* 72 NY2d 32, 36).

Defendant's conduct more appropriately comes within the purview of the menacing statute (Penal Law former § 120.15 ["A person is guilty of menacing when, by physical menace, he intentionally places or attempts to place another person in fear of imminent serious physical injury"]). It should be noted that defendant was charged with menacing in the second degree (Penal Law § 120.14) but that charge was dismissed by the court because the effective date of that statute was November 1, 1992 (L 1992, ch 345, § 8) and the incident occurred in September 1992. If defendant had been properly charged with menacing under Penal Law former § 120.15, the proof would have been sufficient to support a conviction under that section, but it was insufficient to establish defendant's guilt of reckless endangerment in the first degree *(see, People v Richardson, supra).* We modify the judgment, therefore, by reversing the conviction of reckless endangerment in the first degree, vacating the sentence imposed thereon, and dismissing count seven of the indictment, and we otherwise affirm.

All concur except Pine and Lawton, JJ., who dissent in part and vote to affirm in the following Memorandum.

Pine and Lawton, JJ. (dissenting in part). We respectfully dissent from the majority's conclusion that the proof of reckless endangerment in the first degree is legally insufficient. "The cases generally require that the weapon be fired, or at a minimum, capable of firing" *(People v Davis,* 72 NY2d 32, 36). Reckless endangerment is defined in terms of the risk created by the conduct of defendant rather than his intent *(People v Davis, supra,* at 37). Complainant testified that defendant took her hair in his hand and pulled back on it, held the gun a couple of inches from her left temple, and pulled the hammer of the gun back. Further proof established that the gun was loaded and fully operational. Because defendant was holding complainant by her hair, any sudden movement by complainant could have caused movement by defendant that would result in the trigger being pulled. Indeed, any noise that may have startled complainant or defendant, even a ringing telephone, could have caused such movement by defendant. Thus, his action created a grave risk of death *(see, People v Garcia,* 146 AD2d 584, *lv denied* 73 NY2d 977). (Appeal from Judgment of Ontario County Court, Harvey, J.—Reckless Endangerment, 1st Degree.) Present—Green, J. P., Pine, Lawton, Callahan and Boehm, JJ.