■ In the Matter of DAVID PP., a Child Alleged to be a Juvenile Delinquent, Appellant. TIOGA COUNTY ATTORNEY, Respondent. [621 NYS2d 742] —Crew III, J. Appeal from an order of the Family Court of Tioga County (Squeglia, J.), entered January 26, 1994, which granted petitioner's application, in a proceeding pursuant to Family Court Act article 3, to adjudicate respondent a juvenile delinquent.

In July 1993, respondent was charged with an act which, if committed by an adult, would constitute the crime of menacing in the third degree (Penal Law § 120.15), a class B misdemeanor, and with possession of a weapon by a person under the age of 16 (Penal Law § 265.05). The charges stemmed from an incident where respondent was alleged to have pointed a weapon at two children, Nicholas Dyson and Jesse Woodruff. A fact-finding hearing ensued, during the course of which

Family Court dismissed the charge involving possession of a weapon. At the conclusion of the hearing, Family Court found that petitioner had established beyond a reasonable doubt that respondent was guilty of menacing in the third degree. Following a dispositional hearing, respondent was placed on probation for two years and directed to perform 60 hours of community service. Respondent now appeals.

We affirm. Initially, we reject respondent's assertion that Dyson, who was eight years old at the time of the hearing, did not provide sworn testimony. In accordance with Family Court Act § 343.1 (2), it was for Family Court to determine whether Dyson was capable of understanding the nature of an oath and, hence, able to provide sworn testimony in this proceeding. Through questioning by both petitioner's counsel and Family Court, it was established that Dyson knew the difference between the truth and a lie, recognized that it not only was wrong to tell a lie but that he could be punished for doing so, and appreciated the importance of telling the truth. Additionally, Dyson twice promised Family Court that he would testify truthfully in this matter. In our view, such questioning was sufficient to establish that Dyson not only understood the nature of an oath, but indeed was given an oath prior to testifying in this proceeding.*

We similarly reject respondent's contention that petitioner failed to prove beyond a reasonable doubt that respondent was in fact guilty of menacing. Pursuant to Penal Law § 120.15, "[a] person is guilty of menacing in the third degree when, by physical menace, he or she intentionally places or attempts to place another person in fear of death, imminent serious physical injury or physical injury". In our view, the testimony provided by Dyson, his mother and Woodruff was sufficient to establish respondent's guilt. Specifically, Dyson testified that respondent pointed a gun at him and pumped it twice and that respondent's actions frightened him because he thought that he was going to die (see generally, People v Chrysler, 203 AD2d 940, lv denied 84 NY2d 866; People v Baum, 143 AD2d 1024, lv denied 73 NY2d 919). We are also persuaded that the disposition of this matter is supported by the record before us. Respondent's remaining contentions, including his assertion that he was denied effective assistance of counsel, have been examined and found to be lacking in merit.

---

* Moreover, even accepting respondent's assertion that Dyson's testimony was unsworn, we are of the view that the testimony offered by respondent, Woodruff and Dyson's mother provided sufficient corroboration to sustain the charge of menacing.

Mikoll, J. P., Mercure, Yesawich Jr. and Peters, JJ., concur. Ordered that the order is affirmed, without costs.