■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ERIC ABNEY, Appellant. [622 NYS2d 84] —Appeal by the defendant from a judgment of the Supreme Court, Queens County (Joy, J.), rendered January 7, 1992, convicting him of assault in the first degree, criminal possession of a weapon in the second degree (two counts), and reckless endangerment in the first degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is modified, on the law, by reversing the convictions of (1) criminal possession of a

weapon in the second degree imposed under the fifth count of the indictment, and (2) reckless endangerment in the first degree, vacating the sentences imposed thereon, and dismissing those counts of the indictment; as so modified, the judgment is affirmed.

The charges against this defendant stemmed from the participation by the defendant and his codefendant (the defendant's brother) in a series of events which culminated in two shooting incidents. None of the witnesses present at the time of the first incident testified that the defendant was in possession of a weapon, or solicited, requested, commanded, importuned, or intentionally aided the alleged shooter (see, Penal Law §§ 265.03, 20.00). Moreover, none of the witnesses present at the time of either incident testified that they observed this defendant engage in conduct evincing a depraved indifference to human life by recklessly engaging in conduct which created a grave risk of death to another person (see, Penal Law § 120.25; *People v Davis,* 72 NY2d 32; *People v Richardson,* 97 AD2d 693).

Therefore, the convictions for criminal possession of a weapon in the second degree imposed under the fifth count of the indictment, and reckless endangerment in the first degree, are reversed and the indictment is dismissed as to those charges.

We have reviewed the appellant's remaining contentions and find them to be without merit. Bracken, J. P., Sullivan, Miller and Hart, JJ., concur.