■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v MAURICE ABNEY, Appellant. [622 NYS2d 471] —Appeal by the defendant from a judgment of the Supreme Court, Queens County (Joy, J.), rendered January 29, 1992, convicting him of criminal possession of a weapon in the second degree and reckless endangerment in the first degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is modified, on the facts, by (1) reducing the defendant's conviction of criminal possession of a weapon in the second degree to criminal possession of a weapon in the fourth degree and vacating the sentence imposed thereon, and (2) reversing the conviction for reckless endangerment in the first degree, dismissing that count of the indictment, and vacating the sentence imposed thereon; as so modified, the judgment is affirmed.

The evidence adduced at trial proves that Maurice Abney

fired a gun in the air near a group of people. One witness testified: "Maurice pulled out a gun and he started shooting in the air". Another witness, Sean Clark, testified that the defendant "was shooting in the air". Approximately 20 minutes after this initial shooting incident, the defendant's brother, Eric Abney, shot and wounded Mr. Clark *(see, People v Abney,* 211 AD2d 800 [decided herewith]).

Viewing the evidence in the light most favorable to the prosecution *(see, People v Contes,* 60 NY2d 620), we find that it was legally sufficient to establish the defendant's guilt of both charges beyond a reasonable doubt. However, upon the exercise of our factual review power, we find that the verdict of guilt on both charges was against the weight of the evidence *(see,* CPL 470.15 [5]).

There is no evidence that the police recovered the weapon discharged by the defendant, or any bullets or casings traceable to that weapon. In light of these circumstances, and all the other circumstances of this case, we find that the evidence is factually insufficient to support the conclusion that this weapon was loaded with ammunition *(see,* Penal Law § 265.00 [15]; § 265.03; *People v Melhado,* 53 NY2d 984). The defendant's conviction of criminal possession of a weapon in the second degree *(see,* Penal Law § 265.03) should therefore be reduced in grade to criminal possession of a weapon in the fourth degree *(see,* Penal Law § 265.01 [1]; *People v Aguilar,* 202 AD2d 512). Under these circumstances, the evidence was also factually insufficient to establish that the defendant, recklessly or otherwise, "create[d] a grave risk of death to another person" (Penal Law § 120.25; *see also, People v Davis,* 72 NY2d 32; *People v Richardson,* 97 AD2d 693).

We have examined the defendant's remaining contentions, and find them to be without merit. Because the defendant has already served in excess of the maximum term of one year imprisonment for criminal possession of a weapon in the fourth degree, a class A misdemeanor, there is no need to remit the matter for resentencing *(e.g., People v Hernandez,* 203 AD2d 479). Bracken, J. P., Sullivan, Miller and Hart, JJ., concur.