■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v VERLON TUCK, Appellant. [623 NYS2d 439] —Judgment unanimously modified on the law and as modified affirmed in accordance with the following Memorandum: Defendant contends that the proof is legally insufficient to support his conviction of reckless endangerment in the first degree. We agree. The proof establishes that defendant held an operable, loaded gun to the victim's head and that the gun went off when a third party ran toward defendant and grabbed his arm. The People argue that the commission of the crime was completed when defendant pointed an operable, loaded weapon at the victim's head, thereby creating a grave risk of death; they argue that the intervening act of the third party and the ensuing injury are irrelevant to the issue of defendant's guilt. In *People v Chrysler* (203 AD2d 940, *lv granted* 84 NY2d 941), this Court held that "[t]he conduct of defendant in holding a gun to the head of his former girlfriend and threatening her with it is insufficient to support a conviction of reckless endangerment." The "degree of risk presented by defendant's reckless conduct" is the determinative factor *(People v Davis,* 72 NY2d 32, 36). We conclude that the degree of risk in holding an operable, loaded gun to the victim's head is the same here as in *People v Chrysler (supra).* Thus, defendant's conviction of reckless endangerment in the first degree

must be reversed, the sentence imposed thereon vacated, and that count of the indictment dismissed.

We have reviewed defendant's remaining contentions and conclude that they are lacking in merit. (Appeal from Judgment of Supreme Court, Erie County, Wolfgang, J.—Reckless Endangerment, 1st Degree.) Present—Pine, J. P., Fallon, Wesley, Callahan and Davis, JJ.