■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v RICHARD T. GRAHAM, Appellant. [787 NYS2d 742]—

single projectile through a rifled bore for each single pull of the trigger" (Penal Law § 265.00 [11]).

Peters, J. Appeal from a judgment of the County Court of Essex County (Halloran, J.), rendered February 25, 1997, upon a verdict convicting defendant of the crimes of reckless endangerment in the first degree, menacing in the second degree and endangering the welfare of a child (two counts).

On December 31, 1995, defendant and his wife were celebrating New Year's Eve at a local bar. Upon their return home, an argument ensued. Defendant's stepdaughter, Kimberly Estavane, and her friend, Christina Welch, entered the living room where the argument was taking place and sat on the sofa. As the argument escalated, defendant hit his wife, grabbed a .22 caliber semiautomatic rifle and began shooting.

After being indicted for numerous crimes, a jury trial ensued. All of the individuals who were present in the household on the evening of the incident testified. While recollections of the witnesses differed, all agreed that defendant discharged his weapon twice at the ceiling. According to Welch, defendant discharged his weapon at least 10 times towards both the floor and the ceiling; one bullet ricocheted behind her. Estavane testified that defendant discharged his weapon no more than two times; this testimony, elicited by the People upon direct examination, was inconsistent with her prior statement to the police. According to defendant's wife, he shot three times toward the ceiling while the girls were present and continued to shoot even after they left to summon assistance. Defendant conceded, at trial, that he had fired the rifle 15 times. A verdict was returned convicting him of the crimes of reckless endangerment in the first degree, menacing in the second degree and two counts of endangering the welfare of a child. Sentenced to an aggregate prison term of 1 to 3 years, he appeals.

Defendant challenges the sufficiency of the evidence regarding the crime of reckless endangerment in the first degree. He asserts that there was no proof of close proximity to the victims so as to create a risk of death and no showing that his conduct was of such nature that it showed a depraved indifference to human life. Applying the familiar principles enunciated in *People v Contes* (60 NY2d 620, 621 [1983]) and *People v Bleakley* (69 NY2d 490, 495 [1987]), we disagree. The prosecution was required to present prima facie evidence that, "under circumstances evincing a depraved indifference to human life, [defendant] recklessly engage[d] in conduct which create[d] a grave risk of death to another person" (Penal Law § 120.25). A reck-

less mental state is present where a person "is aware of and consciously disregards a substantial and unjustifiable risk that [a] result will occur or that such circumstance exists" (Penal Law § 15.05 [3]; *see People v Chrysler*, 85 NY2d 413, 415 [1995]; *People v Davis*, 72 NY2d 32, 36 [1988]). To evince depraved indifference, " 'the actor's reckless conduct [must be so] imminently dangerous . . . [to] present[ ] a grave risk of death' " (*People v Lynch*, 95 NY2d 243, 247 [2000], quoting *People v Roe*, 74 NY2d 20, 24 [1989]; *see* Penal Law § 120.25); "[t]his calculus requires an 'objective assessment of the degree of risk presented by defendant's reckless conduct' " (*People v Lynch, supra* at 247, quoting *People v Register*, 60 NY2d 270, 277 [1983]).

Within these parameters, we find a valid line of reasoning by which a rational person could conclude that by firing a semiautomatic weapon at the ceiling, floor and wall of a 12-foot by 16-foot room in which other individuals were present, defendant recklessly engaged in conduct which created a grave risk of death. While the evidence does not indicate that he pointed the rifle directly at any of the individuals who were present, he created a situation whereby they could be struck by a ricochet or could be gravely injured if they made a sudden movement. We do not find the minor inconsistencies in the testimony of witnesses concerning the exact number of bullets fired in the room or the number of individuals present at the time that they were fired to negate our sufficiency of the evidence conclusion (*see People v Menard*, 113 AD2d 972, 973 [1985], *lv denied* 68 NY2d 772 [1986]; *People v Graham*, 41 AD2d 226, 227 [1973]; *compare People v Bennett*, 193 AD2d 808 [1993], *and People v Richardson*, 97 AD2d 693 [1983]). We have reviewed defendant's additional ascriptions of error, and find that County Court did not err in allowing the impeachment of one of the People's witnesses. Nor did prosecutorial misconduct deny defendant a fair trial.

Crew III, J.P., Carpinello, Rose and Kane, JJ., concur. Ordered that the judgment is affirmed.