■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ALEX BYRD, Appellant. [912 NYS2d 318]—

Garry, J. Appeal from a judgment of the County Court of Ulster County (McGrath, J.), rendered June 2, 2008, upon a verdict convicting defendant of the crime of reckless endangerment in the second degree.

In May 2007, defendant, accompanied by two women, drove his vehicle to a location in the City of Kingston, Ulster County, where he planned to meet two men to purchase marihuana from them. After these two got into the vehicle, a third man (hereinafter the victim) appeared on the scene and pulled defendant out of the vehicle. A struggle ensued during which a gun was discharged. Defendant later testified that the gun was the victim's and that defendant took it away as they fought. An eyewitness who called 911 testified that, after the physical altercation ended, defendant fired shots in the victim's direction. Shortly thereafter, a police officer confronted defendant nearby, seized the gun and arrested defendant.

Defendant was indicted on two counts of criminal possession of a weapon in the second degree and one count each of criminal possession of a weapon in the third degree and reckless endangerment in the first degree. At the conclusion of trial on these charges, County Court instructed the jury on the defense

of justification and the lesser included offense of reckless endangerment in the second degree. Defendant was convicted of reckless endangerment in the second degree only and was sentenced to one year in jail. He now appeals, claiming that the verdict was not supported by the weight of the evidence.

Upon review we must first determine whether, based on the credible evidence, a different verdict would have been unreasonable (*see People v Bleakley*, 69 NY2d 490, 495 [1987]; *People v Jackson*, 302 AD2d 748, 749 [2003], *lv denied* 100 NY2d 539 [2003]). Defendant asserts that the evidence does not establish that he acted in a manner that created a substantial risk of serious physical injury to anyone (*see* Penal Law § 120.20). He testified that the gun's initial discharge happened accidentally as he and the victim struggled for the gun. After the altercation ended, defendant testified that the victim demanded that defendant return the gun and approached defendant. Defendant then alleges that he fired warning shots which were not aimed at the victim and could not have hit anyone else, as the streets were empty, the local businesses were closed, and defendant's vehicle was no longer in the vicinity.

A different verdict would not have been unreasonable based on this evidence. Accordingly, we "must, like the trier of fact below, weigh the relative probative force of conflicting testimony and the relative strength of conflicting inferences that may be drawn from the testimony" (*People v Bush*, 75 AD3d 917, 919 [2010] [internal quotation marks and citations omitted]). Reckless endangerment in the second degree requires proof of reckless conduct which creates a substantial risk of serious physical injury (*see* Penal Law § 120.20; *People v Perniciaro*, 58 NY2d 751, 753 [1982]). A finding that defendant aimed the gun directly at anyone is not required, since bullets may ricochet or persons in the vicinity of gunfire may move unexpectedly into its path (*compare People v Graham*, 14 AD3d 887, 889 [2005], *lv denied* 4 NY3d 853 [2005]). For this reason, evidence that a defendant fired a gun near another person has been found adequate to meet the more stringent requirement of establishing that a defendant "engage[d] in conduct which creates a grave risk of death to another person" for purposes of reckless endangerment in the first degree (Penal Law § 120.25; *see People v Menard*, 113 AD2d 972, 973 [1985], *lv denied* 68 NY2d 772 [1986]). Further, "close proximity" between the defendant and the victim is not required (*People v Jerome*, 138 AD2d 871, 872 [1988]).

The eyewitness testified that just before defendant fired the shots, he and the victim were 5 to 10 feet apart, walking up the

street and shouting at each other. Although the witness could not see the victim at the moment the shots were fired, he testified that defendant fired toward the victim and in his general direction. Defendant himself testified that the victim was within 10 feet of him when he fired. Although he testified that he "didn't really point [the gun] at him," a police officer testified that shortly after the incident, defendant said he had fired "at" the victim. Thus, according the appropriate deference to the jury's credibility determinations (*see People v McCall*, 75 AD3d 999, 1000 [2010]), the weight of the evidence supports the conclusion that defendant engaged in conduct that created a substantial risk of serious physical injury.

Defendant further contends that the jury should have found that his conduct was "justified on the ground of necessity or choice of evils" (*People v Craig*, 78 NY2d 616, 619 n 1 [1991]). He asserts that the victim, who defendant claims was a gang member, had just used his cell phone to call for assistance and was approaching defendant when the shots were fired. However, defendant had already taken the victim's gun, there was no evidence that the victim had any other weapons, and no assistants had yet arrived on the scene. Moreover, defendant testified that he weighed 280 pounds and was much larger than the victim; in fact, defendant described himself as twice the victim's size. Accordingly, the evidence did not establish that defendant acted in response to " 'an impending harm which constitutes a present, immediate threat—i.e., a danger that is actual and at hand, not one that is speculative, abstract or remote' " (*People v Kravitz*, 75 AD3d 915, 916 [2010], quoting *People v Craig*, 78 NY2d at 624), and the jury's rejection of the justification defense was not against the weight of the evidence (*see People v Scharpf*, 60 AD3d 1101, 1103 [2009], *lv denied* 13 NY3d 862 [2009]).

Rose, J.P., Lahtinen, Stein and McCarthy, JJ., concur. Ordered that the judgment is affirmed.