■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v VARREL E. MITCHELL, Appellant. [942 NYS2d 657]—

McCarthy, J. Appeal from a judgment of the County Court of Albany County (Breslin, J.), rendered August 14, 2003, upon a verdict convicting defendant of the crimes of assault in the second degree, reckless endangerment in the first degree and endangering the welfare of a child.

When defendant picked up his twin nine-month-old daughters from their mother for a visit, they were healthy. After he returned them two days later, the mother noticed that one daughter (hereinafter the victim) was acting unusual and brought her to obtain medical attention. X rays revealed that both of the victim's tibias and fibulas were broken near the ankles. Defendant admitted to a detective that defendant had hit the victim hard three or four times on the legs because he was angry and frustrated by her crying. Defendant also admitted that, since her birth, he had hit the victim about 20 times for the same reason. Defendant further informed the detective that he had swung the victim around by her legs a few months earlier, first stating that he did so because he did not want her to be afraid of heights and later stating that he was just playing with her. He explained that he would alternately swing her and hold her to his chest, for a total of 10 to 15 minutes, and demonstrated his technique with a doll. This demonstration was memorialized on videotape.

Defendant was charged with assault in the second degree, reckless endangerment in the first degree and endangering the welfare of a child. Following trial, he was convicted of all counts. County Court sentenced him to a prison term of seven years followed by five years of postrelease supervision for the assault count, a consecutive prison term of 3½ to 7 years for the reckless endangerment count and a concurrent jail term of one year for endangering the welfare of a child. Defendant appeals.

The indictment was sufficient to apprise defendant of the charges against him. "An indictment count which incorporates by reference the statutory provision applicable to the charged crime sufficiently alleges all of the elements of that crime, rendering the count valid" (*People v Downs*, 26 AD3d 525, 526

[2006], *lv denied* 6 NY3d 847 [2006]; *accord People v Binns*, 82 AD3d 1449, 1450 [2011]). Each count here listed the Penal Law section and statutory text of the alleged offense, as well as a factual explanation of how defendant committed the listed offense. The second and third counts were not defective merely because they did not repeat the mens rea in the factual allegations, as the required mental state was included elsewhere in the count.

County Court did not err in amending the first count by deleting the word "attempt." The inclusion of that word was a typographical error, the grand jury had been asked to consider and vote on assault in the second degree, the evidence before the grand jury supported that charge, the Penal Law section listed in the indictment was for that offense and not an attempted assault, and the evidence at trial established a completed assault. The amendment did not change the People's theory of the crime and defendant was not prejudiced by the amendment (*see* CPL 200.70 [1]; *People v Spann*, 56 NY2d 469, 473 [1982]).

County Court properly denied defendant's pretrial motions to dismiss the indictment and suppress his statements. The record fails to support any of defendant's arguments that the integrity of the grand jury was impaired. At the suppression hearing, defendant conceded that he was not in custody when he made the statements to the police. The detective's testimony, which the court found credible, established that defendant voluntarily drove himself to the police station, agreed to speak with the detective, waived his *Miranda* rights, was never threatened or confined, made oral statements, corrected and signed a written statement, agreed to demonstrate on videotape how he swung the victim, was not arrested at that time and left the station after giving his statements. Defendant argues that he was coerced, and that the written statement and videotape are fake, but he did not testify at the hearing or support these arguments with other evidence. The hearing evidence supports the court's determination that defendant's statements were voluntary (*see People v Davis*, 18 AD3d 1016, 1017 [2005], *lv denied* 5 NY3d 805 [2005]). Thus, the court properly denied defendant's pretrial motions.

The verdict was not against the weight of the evidence.* We reach this determination after conducting an independent review of the evidence in a neutral light, according deference to

* Defendant did not preserve his argument that the evidence was legally insufficient, as he declined County Court's offer to make a motion to dismiss after the People rested (*see People v McCoy*, 89 AD3d 1218, 1221 n 3 [2011]).

the jury's credibility determinations (see People v Fuller, 50 AD3d 1171, 1174 [2008], lv denied 11 NY3d 788 [2008]). To prove assault as alleged, the People needed to prove that defendant was over 18 years old, the victim was less than seven, defendant intended to cause her physical injury and he caused her such injury (see Penal Law § 120.05 [9]). The ages were uncontested. The victim's mother testified that the victim's legs were not injured prior to her visit with defendant, but the mother noticed suspected injuries shortly after defendant returned the victim. Medical proof established that the victim suffered two broken legs, consisting of four broken bones, and that the injuries were not accidental. Defendant admitted hitting the victim hard on the legs during the relevant time period, and that he did so because he was angry and frustrated by her crying. He also admitted hitting her and swinging her by the legs at other times. Although defendant contends that the medical proof contradicts the People's theory of how he inflicted the injuries, the People were not required to establish exactly what defendant did to break the victim's bones; the manner of injury is not an element of the offense. In any event, physicians testified that the injuries could have been inflicted by a hard chopping motion to the legs or by swinging the victim by the ankles as shown in the videotape. The weight of the evidence supports the conviction for assault in the second degree (see People v Ciccone, 90 AD3d 1141, 1144 [2011]).

To establish reckless endangerment in the first degree, the People had to prove that, "under circumstances evincing a depraved indifference to human life, [defendant] recklessly engage[d] in conduct which create[d] a grave risk of death to another person" (Penal Law § 120.25). A person acts recklessly where he or she "is aware of and consciously disregards a substantial and unjustifiable risk that [a] result will occur or that [a particular] circumstance exists," and where the disregard of such risk "constitutes a gross deviation from the standard of conduct that a reasonable person would observe in the situation" (Penal Law § 15.05 [3]). Mens rea can be established by circumstantial evidence, including the defendant's actions or the surrounding circumstances (see People v Molina, 79 AD3d 1371, 1376 [2010], lv denied 16 NY3d 861 [2011]; People v Manos, 73 AD3d 1333, 1334 [2010], lv denied 15 NY3d 807 [2010]). Although the law on depraved indifference has changed since defendant's conviction, we must review the weight of the evidence based on the elements as charged to the jury without

Nevertheless, we evaluate the sufficiency of the evidence as part of our review of the weight of the evidence (People v Dancy, 87 AD3d 759, 760 [2011]).

objection (*see People v Danielson*, 9 NY3d 342, 348-349 [2007]; *People v Snyder*, 91 AD3d 1206, 1212-1213 [2012]). In his statement and on the videotape, defendant admitted that he swung the victim by the ankles for up to 15 minutes when she was four or five months old. A pediatric neurosurgeon testified, after watching the videotape, that swinging a child of that age in such a manner could injure the brain or spinal cord, cause bleeding inside the head and even be fatal. The jury viewed the videotape multiple times. Although defendant, in his statements, gave varying reasons for swinging the child, the jury could choose to disbelieve his purported reasons (*see People v Smith*, 89 AD3d 1148, 1149 [2011]) or, even if it accepted them, determine objectively that his conduct was reckless and evinced a depraved indifference to the life of his infant child (*see People v Parrotte*, 267 AD2d 884, 886 [1999], *lv denied* 95 NY2d 801 [2000]). The reckless endangerment conviction was not against the weight of the evidence (*see People v Snyder*, 91 AD3d at 1213; *People v Graham*, 14 AD3d 887, 889 [2005], *lv denied* 4 NY3d 853 [2005]).

Defendant's statements admitting that he hit the victim hard because he was angry, along with medical proof of her injuries, established that he "knowingly act[ed] in a manner likely to be injurious to the physical, mental or moral welfare" of his child (Penal Law § 260.10 [1]). Hence, the conviction for endangering the welfare of a child was not against the weight of the evidence (*see People v Lewis*, 83 AD3d 1206, 1207 [2011], *lv denied* 17 NY3d 797 [2011]).

Defendant's remaining contentions have been considered and found lacking in merit.

Mercure, J.P., Lahtinen, Spain and Stein, JJ., concur. Ordered that the judgment is affirmed.