People v Maeweather (2019 NY Slip Op 03852)





People v Maeweather


2019 NY Slip Op 03852


Decided on May 16, 2019


Appellate Division, Third Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: May 16, 2019

110411

[*1]THE PEOPLE OF THE STATE NEW YORK, Respondent,
v
TASHEEM MAEWEATHER, Appellant.

Calendar Date: March 27, 2019

Before: Garry, P.J., Egan Jr., Devine, Aarons and Rumsey, JJ.


The Kindlon Law Firm, PLLC, Albany (Terence L. Kindlon of counsel), for appellant.
P. David Soares, District Attorney, Albany (Vincent Stark of counsel), for respondent.



MEMORANDUM AND ORDER
Egan Jr., J.
Appeal from a judgment of the Supreme Court (McDonough, J.), rendered June 23, 2017 in Albany County, upon a verdict convicting defendant of the crime of reckless endangerment in the first degree.
Defendant was charged in a four-count indictment with attempted murder in the second degree, attempted assault in the first degree, criminal possession of a weapon in the second degree and reckless endangerment in the first degree stemming from a shooting incident at a shopping mall in Albany County in November 2016. Following a jury trial, defendant was convicted of reckless endangerment in the first degree and acquitted of the remaining three charges and was thereafter sentenced, as a predicate felony offender, to a prison term of 3½ to 7 years to run consecutively to an unrelated sentence he was then serving. Defendant now appeals, and we affirm.
Defendant's conviction was supported by legally sufficient evidence and was not against the weight of the evidence. "When considering a challenge to the legal sufficiency of the evidence, we view the evidence in the light most favorable to the People and evaluate whether there is any valid line of reasoning and permissible inferences which could lead a rational person to the conclusion reached by the jury on the basis of the evidence at trial and as a matter of law satisfy the proof and burden requirements for every element of the crime charged" (People v Robinson, 156 AD3d 1123, 1124 [2017] [internal quotation marks and citations omitted], lv denied 30 NY3d 1119 [2018]; see People v Anatriello, 161 AD3d 1383, 1384-1385 [2018], lv denied 31 NY3d 1144 [2018]). In reviewing whether a conviction is supported by the weight of the evidence, we "decide whether, based on all the credible evidence, a different finding would not have been unreasonable, and then, like the trier of fact below, weigh the relative probative force of conflicting testimony and the relative strength of conflicting inferences that may be drawn from the testimony" (People v Nunes, 168 AD3d 1187, 1188 [2019] [internal quotation marks and citations omitted]; see People v Granger, 166 AD3d 1377, 1378 [2018]).
In order to find defendant guilty of reckless endangerment in the first degree, the People were required to prove that, "under circumstances evincing a depraved indifference to human life, [defendant] recklessly engage[d] in conduct which create[d] a grave risk of death to another person" (Penal Law § 120.25; see People v Durham, 146 AD3d 1070, 1073 [2017], lvs denied 29 NY3d 1078 [2017]; People v Heesh, 94 AD3d 1159, 1161 [2012], lv denied 19 NY3d 961 [2012]). A person acts recklessly where he or she "is aware of and consciously disregards a substantial and unjustifiable risk" of his or her conduct, and where disregard of such a risk "constitutes a gross deviation from the standard of conduct that a reasonable person would observe in the situation" (Penal Law § 15.05 [3]; see People v Feingold, 7 NY3d 288, 296 [2006]; People v Mitchell, 94 AD3d 1252, 1254 [2012], lv denied 19 NY3d 964 [2012]).
The evidence at trial established that November 12, 2016 was a busy Saturday afternoon at the mall with hundreds of people walking and shopping throughout the mall's multilevel concourse. At approximately 2:24 p.m., two separate groups of young men encountered each other on the lower level of the mall near the Apple Store. In one of the groups was defendant, dressed in a gray hoodie and sweatpants combination and white sneakers. Defendant exchanged words with a member of the other group, who then proceeded to throw a punch at defendant. Defendant jumped back a couple of steps, pulled out a small silver-colored handgun, fired two shots at the man who had tried to punch him and then fled the mall. Although defendant was not apprehended at the scene, the Albany Crime Analysis Center received a report that defendant had been observed in the mall 10 minutes prior to the shooting. Data downloaded from a GPS-equipped ankle bracelet that defendant was wearing confirmed his presence at the mall at the time of the shooting [FN1]. Various witness and video evidence depicted the crowded conditions at the mall at the time of the shooting, which occurred in the vicinity of people lined up at the Santa display. Although no gun was recovered, police retrieved a bullet fragment lodged 32 inches above the floor in a wall on the backside of an escalator. Finally, an off-duty state trooper, who was shopping at the mall at the time of the incident, testified at trial and identified defendant as the person he saw pull a gun and fire two shots at the individual who had tried to punch defendant.
Based on the foregoing, we find that a rational jury could conclude that, by intentionally firing two shots from a handgun in the middle of a busy shopping mall where hundreds of people were present, defendant engaged in reckless conduct creating a grave risk of death to another person (see People v Anatriello, 161 AD3d at 1384-1385; People v Graham, 14 AD3d 887, 889 [2005], lv denied 4 NY3d 853 [2005]; People v Menard, 113 AD2d 972, 973 [1985], lv denied 68 NY2d 772 [1986]; see also People v Byrd, 79 AD3d 1256, 1257 [2010]). Further, although a different verdict would not have been unreasonable, viewing the evidence in a neutral light and deferring to the jury's credibility determinations, we find that the verdict was supported by the weight of the evidence (see People v Durham, 146 AD3d at 1074; People v Byrd, 79 AD3d at 1257). Finally, defendant's argument that the jury's decision to convict him of reckless endangerment in the first degree, but acquit him of criminal possession of a weapon in the second degree, was inconsistent was not preserved for our review, as defendant chose not to raise this argument to Supreme Court prior to the jury being discharged (see People v Pearson, 69 AD3d 1226, 1227 [2010], lv denied 15 NY3d 755 [2010]; cf. People v Poulin, 159 AD3d 1049, 1052-1053 [2018], lv denied 32 NY3d 940 [2018]; see also People v Abraham, 22 NY3d 140, 146-148 [2013]).[FN2]
Garry, P.J., Devine, Aarons and Rumsey, JJ., concur.
ORDERED that the judgment is affirmed.



Footnotes

Footnote 1: Defendant was wearing the ankle bracelet as a condition of his probation from a prior unrelated criminal conviction.

Footnote 2: Counsel conceded at oral argument that the verdict was not repugnant.