■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v RICHARD VAN FONDA, Appellant.—Casey, J. Appeal from a judgment of the County Court of Albany County (Harris, J.), rendered January 25, 1985, upon a verdict convicting defendant of the crime of robbery in the second degree.

On July 27, 1984, at Washington Park in the City of Albany, defendant agreed to allow the victim to perform an oral sex act upon him for $15. Together they went to defendant's apartment where the victim was compelled by defendant to sit on a couch, to pay defendant $20 instead of $15, and to place his valuables on a table. The victim was then ordered to strip, given a towel to cover himself, struck several times and threatened with death if he attempted to leave.

When summoned to the kitchen by defendant, the victim ran out of the apartment, was chased and caught by defendant, fell down a set of stairs in the struggle, was knocked to the ground and finally escaped by running away. At that time defendant was met by his friend, John Roberts, who had come to spend the night at his apartment. Roberts saw the victim as he fled from the apartment.

Police Officer Sean Patrick Keane, called by a group of teenagers who saw the nude victim sitting on a bench at a bus stop, was directed by the victim to defendant's apartment after having been told what happened. Keane entered the apartment, leaving the victim in his patrol car. Defendant denied robbing the victim and agreed to go outside for a showup. Roberts accompanied defendant and identified the victim as the person he had seen running naked from the apartment. The victim identified defendant as the robber and then returned to the patrol car still covered only by a towel. At that time, Keane read defendant his *Miranda* rights and reentered defendant's apartment with defendant to attempt to regain some of the victim's property. Although defendant was still protesting his innocence, he was arrested about one minute after his return to the apartment and told to empty his pockets. Defendant handed Roberts two $5 bills and one $10 bill and whispered to him that "the stuff was in the freezer". Keane saw the money passed to Roberts but did not hear defendant's whisper. While being transported by the police, defendant told Keane that he would tell him where the victim's belongings were if the victim agreed to drop the charges against him. When Keane returned to defendant's apartment to execute a search warrant that he had obtained, he was told by Roberts, who was still there, that the victim's property was in the freezer.

Initially, defendant agreed to plead guilty to the crime of attempted robbery in the third degree. However, he withdrew this plea, was indicted for one count of robbery in the second degree, was tried and convicted of that charge and sentenced to an indeterminate prison term of 5 to 15 years.

On this appeal, defendant claims that his statement to Keane, that he would return the property if the victim dropped the charges, should have been suppressed since the *Miranda* warnings were given to him before his arrest, and that after his arrest the warnings had to be repeated. We find this argument untenable. *Miranda* warnings must be given during custodial interrogation if a defendant's statements are to be used against him *(People v Tirado,* 117 AD2d 874). In the

instant case, defendant was in custody from the time the victim identified him at the showup outside defendant's apartment. It was at that time that defendant had been "selected by [the] complainant as a prime criminal perpetrator" *(People v Camacho,* 103 Misc 2d 791, 795) and was no longer free to go *(see, People v Dayter,* 112 AD2d 643). The *Miranda* warnings were given subsequent to the showup, so it cannot be said that defendant was given his rights under gratuitous conditions *(see, People v Camacho, supra).* Furthermore, defendant's arrest and the warnings were so close in point of time that there was no need to repeat them or to suggest that defendant might have forgotten them in the interim *(see, People v Crosby,* 91 AD2d 20).

Defendant also contends that County Court committed reversible error when, based on the testimony of Keane that the statement of defendant was spontaneous and, therefore, voluntary and not the result of any interrogation, the court charged that the jury *may* not consider the statement unless they found that it was spontaneously made. Defendant argues that the use of the word *may* was improper and that the word *must* was required. In our view, although the word *must* would have been appropriate, the court clearly instructed the jury in detail that it could not consider defendant's statement at all, unless it was received within constitutional and statutory limitations; therefore, we do not consider the improper use of this single word sufficient reason for reversal.

As to defendant's further contention that the evidence of his wrongful intent to keep the victim's property is legally insufficient, we find no merit. The proof showing that defendant had placed the victim's property in his freezer was a sufficient showing of his intent to substantiate the jury's verdict in regard to that element.

As to the claimed excessiveness of defendant's sentence, we find that claim also to be meritless. Defendant's record indicates prior arrests for prostitution, assault, battery and robbery and that defendant is well known to the Albany Police and Albany County Probation Department. In the circumstances, the sentence was justified. The conviction should, therefore, in all respects be affirmed.

Judgment affirmed. Mahoney, P. J., Kane, Casey, Mikoll and Levine, JJ., concur.