■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v STEPHEN FRALEY, Appellant.—Appeal by the defendant (1) from a judgment of the County Court, Westchester County (Dachenhausen, J.), rendered June 11, 1982, convicting him of murder in the second degree, attempted assault in the first degree, criminal possession of a weapon in the second degree, criminal possession of a weapon in the third degree and criminal possession of marihuana in the fifth degree, upon a jury verdict, and imposing sentence, and (2) by permission, from an order of the same court entered April 1, 1987, which denied his motion pursuant to CPL 440.10 to vacate the judgment.

Ordered that the judgment and the order are affirmed.

Upon our review of the record, we find the defendant has failed to demonstrate a deprivation of his right to effective assistance of counsel (see, People v Baldi, 54 NY2d 137). We find that in view of the inconclusive evidence of justification for the killing, coupled with the fact that the defendant had been severely beaten immediately prior to firing his gun, his attorney's choice of emphasizing an extreme emotional disturbance defense as compared to a justification defense appears to have been an appropriate trial tactic which did not deprive the defendant of a valid defense (see, People v Morris, 100 AD2d 630, affd 64 NY2d 803) and should not be second-guessed (see, People v Roldan, 64 NY2d 821; People v Barrentine, 112 AD2d 440). We note that the other instances of ineffective assistance alleged by the defendant were either so insignificant as to assure this court that they had no bearing upon the final verdict (see, People v Baldi, supra) or were completely ameliorated by the trial court's actions both at trial and at the pretrial hearings. In sum, we find that "viewed in totality and as of the time of the representation * * * the attorney provided meaningful representation" (People v Baldi, supra, at 147).

We further find that the trial court was correct in denying the defendant's CPL 440.10 motion as the factual basis upon which it was premised did not contain sworn allegations tending to substantiate the essential facts. As such, we cannot

say the trial court abused its discretion in denying the motion without a hearing *(see, People v Ford,* 46 NY2d 1021; CPL 440.30 [4] [b], [d]).

We have considered the defendant's remaining contentions, including his allegation that the sentence imposed was excessive, and find them to be without merit. Spatt, J. P., Sullivan, Harwood and Balletta, JJ., concur.