(September 13, 1990)

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ANTHONY HARPER, Also Known as TONY HARPER, Appellant.— Mahoney, P. J. Appeal from a judgment of the County Court of Albany County (Harris, J.), rendered March 18, 1986, upon a verdict convicting defendant of the crimes of murder in the second degree (two counts), robbery in the first degree, burglary in the second degree, grand larceny in the second degree, criminal possession of stolen property in the first degree and petit larceny.

Defendant was charged with robbery in the first degree, burglary in the second degree, grand larceny in the second degree, criminal possession of stolen property in the first degree, petit larceny and three counts of murder in the second degree for the August 24, 1985 theft of an automobile from and murder of a guard at a car dealership in the City of Albany. He was convicted of all but one count of murder in the second degree and sentenced to indeterminate terms of incarceration of 25 years to life for the murder charges, 8⅓ to 25 years for the robbery, 5 to 15 years for the burglary, 2⅓ to 7 years for the criminal possession of stolen property and the grand larceny, and one year for the petit larceny. The sentences for the murder, robbery and burglary convictions were ordered to be concurrent to each other but consecutive to the other sentences. The sentences for the criminal possession of stolen property and grand larceny convictions were ordered to be concurrent to each other but consecutive to all other sentences and the petit larceny sentence was ordered to be consecutive to all other sentences. Defendant appeals.

Defendant argues that he did not knowingly, voluntarily and intelligently waive his *Miranda* rights prior to making inculpatory oral and written statements so that County Court erred in denying his motion to suppress. Our review of the record of the suppression hearing reveals testimony, credited by County Court, establishing that defendant was discovered at his sister's apartment by FBI agents and others and immediately advised of his rights. The record further reveals that defendant indicated that he understood these rights and could read and write English. While being transported to FBI headquarters, defendant made inculpatory statements after being

asked by an FBI agent if there was anything he wanted to get off his chest. Upon arrival at FBI headquarters, defendant again was advised of his rights orally and in writing and indicated that he understood them. He then signed a written statement implicating himself in the crimes. Based on this evidence, and in the absence of any extraordinary circumstances requiring our intervention in County Court's assessment of credibility (see, People v Booker, 141 AD2d 925), County Court could properly find that defendant's waiver of his *Miranda* rights was knowing, voluntary and intelligent.

Contrary to defendant's contention, there is nothing in the record of the suppression hearing evidencing defendant's alleged limited reading or comprehension level which would have affected his ability to understand his rights. Further, the oral inculpatory statements were not in response to any coercive questioning (see, e.g., People v Weisbrot, 124 AD2d 762, lv denied 69 NY2d 888; People v Jackson, 101 AD2d 955, 956) and, in any event, are not suppressible considering that *Miranda* warnings had been given to defendant within a half hour of the inculpatory remarks and need not immediately precede every episode of questioning (see, e.g., People v Crosby, 91 AD2d 20, 29, lv denied 58 NY2d 974, 59 NY2d 765).

Defendant's contention that there is insufficient evidence to support his conviction is without merit. Reviewing the evidence in a light most favorable to the People considering the conviction (see, People v Kennedy, 47 NY2d 196, 203), it is apparent that the jury credited the People's evidence, including the confessions, which provides more than sufficient proof of defendant's guilt. The confession is supported by additional proof of defendant's guilt (see, CPL 60.50), including the discovery of the victim's body at the car dealership, the expert medical evidence establishing the cause of death to be consistent with that described by defendant in his confessions and the identification of defendant's fingerprints on an automobile stolen from the dealership.

We also reject defendant's contentions that improper prosecutorial remarks require reversal and that the sentence should be modified as harsh and excessive. Our review of the record convinces us that there was no prosecutorial misconduct sufficient to warrant reversal and that County Court's sentence cannot be deemed an abuse of discretion requiring our intervention.

Judgment affirmed. Mahoney, P. J., Yesawich, Jr., Levine, Mercure and Harvey, JJ., concur.