■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ROY E. POND, Appellant. [629 NYS2d 111] —White, J. Appeal from a judgment of the County Court of Broome County (Mathews, J.), rendered November 15, 1993, convicting defendant following a nonjury trial of the crimes of sodomy in the first degree (two counts), sexual abuse in the first degree and endangering the welfare of a child.

On January 7, 1993, the Binghamton Police Department received a complaint that defendant was seen hugging and kissing an eight-year-old boy (hereinafter the victim), and after an interview with the victim they sought defendant for questioning. Defendant learned of the police's interest in talking to him and contacted a social worker with whom he had previously worked. After the police officers located defendant at his home, defendant, accompanied by the social worker, agreed to accompany them to the police station where he was given his *Miranda* rights, questioned and gave a written statement in which he admitted performing acts of oral and anal sodomy upon the victim.

At a suppression hearing two social workers who were familiar with defendant testified as to his limited mental capabilities, but acknowledged that defendant could have understood the questions asked during the interrogation and that he would have been able to refrain from speaking about a particular subject if he did not wish to do so, while a clinical psychologist testified that defendant had an IQ of 74 and functioned at a third-grade level. In addition, the record indicates that the police officers, who were aware of defendant's limitations, were scrupulous in reading and explaining the *Miranda* warnings to him slowly and carefully, even though defendant advised them that he knew his rights. Further, defendant read portions of the warnings aloud without any detectable problem, and after being specifically told that he did not have to speak without an attorney and that an attorney would be provided for him, defendant stated that he wanted to speak without a lawyer. During the questioning he answered responsively, with no appar-

ent confusion or lack of comprehension, and signed a confession after a little over one hour of questioning.

Based on the testimony presented County Court declined to suppress this statement, finding that defendant's testimony at the hearing established his ability to comprehend concepts regarding legal rights and his ability to reject suggestion and pressure. Further, the court found no confusion or lack of comprehension on the part of defendant and that he was able to read and had the capability to make a knowing, intelligent and voluntary waiver of his rights. Thus, County Court found that the statement was voluntarily given by defendant without police coercion, and that he had knowingly waived his right to counsel.

Defendant, who was not unfamiliar with police procedures, contends that he is a person of limited mental capacity, unable to make a knowing waiver of his *Miranda* rights, and that his confession was a consequence of police coercion and overbearing.

The question distills to whether defendant, concededly mildly retarded, could understand his *Miranda* warnings and make a knowing, voluntary and intelligent waiver of his rights. In *People v Williams* (62 NY2d 285), the Court of Appeals upheld the defendant's waiver of his *Miranda* rights where the defendant, a functionally illiterate, borderline mentally retarded man who waived his rights, spoke to the police and made incriminating statements. There the Court held that an accused's level of intelligence is one factor to be considered in assessing the voluntariness of the confession, unless the degree of retardation is so great as to render the accused completely incapable of understanding the meaning and effect of his confession. In the instant case defendant, who had prior experience with the criminal justice system involving proceedings of a similar nature where he had waived his *Miranda* rights and given a confession, was able to communicate with his social worker and discuss potential police questioning with him, indicating an ability to understand and appreciate the meaning of the *Miranda* warnings and the effect of any admissions he might make to the police.

Based on the evidence, we find that defendant's mental condition did not prevent him from grasping the immediate import of the *Miranda* warnings (*see, People v Williams, supra; People v Dorsey*, 118 AD2d 653, *lv denied* 67 NY2d 1052), and recognizing that credibility determinations made by the suppression court are to be accorded great deference, we see no reason to set aside County Court's findings (*see, People v Cline*, 192 AD2d

957, *lv denied* 81 NY2d 1071; *People v Harper*, 165 AD2d 897, *lv denied* 77 NY2d 906).

During the course of the nonjury trial which followed, County Court, after an offer of proof by the People, received the testimony of a Child Protective Services employee regarding a statement made to her by the victim during an interview in connection with this matter. This statement confirmed the use of a condom by defendant and corroborated a portion of defendant's confession. In accepting this hearsay testimony, the court reasoned that it should be admitted in view of the strong attack on the credibility of the victim during cross-examination, the age of the victim and the sensitive nature of the crime. Although we are cognizant of Executive Law § 642-a (4), which directs a Trial Judge to be sensitive to the psychological and emotional stress a child witness may undergo, we find that this testimony should have been excluded as improper bolstering (*see, People v McDaniel*, 81 NY2d 10, 16; *People v McClean*, 69 NY2d 426, 428; *People v Davis*, 44 NY2d 269, 277-278).

However, even without the challenged testimony, we find sufficient proof to enable the trier of fact to render a verdict of guilt beyond a reasonable doubt, since the record shows that the victim, although at times equivocal during cross-examination, specifically testified as to defendant's acts of sodomy when questioned by both the District Attorney and County Court. Therefore, the court's findings as to the credibility of the victim's testimony should not be disturbed (*see, People v Beckett*, 197 AD2d 450, *lv denied* 82 NY2d 891), and we find that this testimony, when coupled with defendant's confession, presents overwhelming proof of defendant's guilt; thus, the improper admission of the challenged testimony from the Child Protective Services employee was harmless error (*see, People v Crimmins*, 36 NY2d 230, 241-242; *People v Mastrangelo*, 203 AD2d 942, *lv denied* 83 NY2d 912).

Mercure, J. P., Crew III, Casey and Spain, JJ., concur. Ordered that the judgment is affirmed.