THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ERIC E. STOFFEL, Appellant. [794 NYS2d 230]—

Appeal from a judgment of the Wayne County Court (Dennis M. Kehoe, J.), rendered February 19, 2002. The judgment convicted defendant, upon a jury verdict, of assault in the second degree, reckless endangerment in the first degree and criminal mischief in the second degree.

It is hereby ordered that the judgment so appealed from be and the same hereby is unanimously affirmed.

Memorandum: Defendant appeals from a judgment convicting him upon a jury verdict of assault in the second degree (Penal Law § 120.05 [3]), reckless endangerment in the first degree (§ 120.25) and criminal mischief in the second degree (§ 145.10). Defendant asserted the affirmative defense of insanity, claiming that, because of his delusional disorder and paranoid schizophrenia, he lacked substantial capacity to know that his conduct was wrong (*see* § 40.15). Although defendant offered substantial proof that he had suffered from a delusional disorder for years, and defendant presented proof from an expert psychiatrist that he was delusional on the night that he committed the crimes underlying his conviction, we nonetheless reject defendant's

contention that the verdict is against the weight of the evidence. The People presented expert proof that, despite operating under delusions when he fired 59 shots at the police and his neighbors, defendant was able to understand that he was shooting at police and that his conduct was wrong. The "resolution of issues of credibility, as well as the weight to be accorded to the evidence presented, are primarily questions to be determined by the trier of fact, who saw and heard the witnesses[,] . . . [and] [i]ts determination should be accorded great weight on appeal" (*People v Davis*, 191 AD2d 705, 706 [1993]; *see People v Walker*, 191 AD2d 603, 604 [1993], *lv denied* 81 NY2d 1021 [1993]; *see also People v Williams*, 291 AD2d 897, 898 [2002], *lv denied* 97 NY2d 763 [2002]; *People v Hernandez*, 288 AD2d 489, 490 [2001], *lv denied* 97 NY2d 729 [2002]). "Where, as here, there is conflicting expert testimony, the question of sanity is for the trier of fact, which has the right to accept or reject, in whole or in part, the opinion of any expert" (*People v Justice*, 173 AD2d 144, 146 [1991]).

We also reject the contention of defendant that County Court erred in denying his motion to suppress the statements he made to police after he was advised of his *Miranda* rights. Because defendant's mental health was in question, the inquiry is whether defendant could understand the *Miranda* warnings and make a knowing, voluntary and intelligent waiver of his rights (*see People v Pond*, 217 AD2d 721, 722 [1995]). The answers given by defendant to the questions the police asked him indicated that he understood his rights and intended to waive them. Under the circumstances, the court did not err in denying the suppression motion (*see id.* at 722-723).

Defendant did not preserve for our review his contention that the court's instruction to the jury regarding the insanity defense was improper (*see* CPL 470.05 [2]; *People v Robinson*, 88 NY2d 1001, 1002 [1996]). In any event, because the instruction placed a burden of proof on the People rather than on defendant (*cf. generally* Penal Law § 40.15), the error is harmless (*see People v Crimmins*, 38 NY2d 407, 411-412 [1975]).

The sentence imposed is not unduly harsh or severe. Present—Green, J.P., Scudder, Gorski, Martoche and Pine, JJ.