■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v DANIEL C. LACKEY, Appellant. [827 NYS2d 331]—

954

Rose, J. Appeal from a judgment of the County Court of Madison County (DiStefano, J.), rendered August 5, 2004, upon a verdict convicting defendant of the crimes of aggravated sexual abuse in the first degree and sexual abuse in the first degree.

After a jury trial, defendant was convicted of aggravated sexual abuse in the first degree and sexual abuse in the first degree based upon his written confession and the female victim's testimony that an assailant struck her several times, bit her, pushed her to the ground and repeatedly inserted a sharp stick into her vagina. County Court sentenced defendant to an aggregate term of eight years in prison followed by five years of postrelease supervision, and he now appeals.

Defendant initially contends that County Court erred in denying his motion to suppress his oral and written statements to police because he had not been fully and properly advised of his rights immediately before giving his written statement. At the *Huntley* hearing and the trial, the arresting officer, Michael McCarthy, testified that he investigated defendant because defendant had matched the description given by the victim, and he first administered *Miranda* warnings to defendant during an interview at defendant's place of employment. A short time later, after defendant voluntarily accompanied him to the police station to give a statement, McCarthy asked defendant if DNA testing would incriminate him, and defendant admitted the attack on the victim. At that point, McCarthy reminded defendant of his right to remain silent, but did not repeat all of the *Miranda* warnings. In the resulting written statement, defendant waived his rights and admitted that he committed the assault

as described by the victim. Holding that defendant had not voluntarily waived his rights after the initial *Miranda* warnings, but had expressly done so in the later written statement, County Court denied defendant's motion to suppress his statements.

While we agree that County Court reached the correct conclusion in denying suppression, we are of the view that defendant's conduct following the initial administration of the *Miranda* warnings constituted an implied waiver of his rights (*see People v Nunez*, 176 AD2d 70, 72 [1992], *affd* 80 NY2d 858 [1992]). McCarthy testified that, after the initial warnings, defendant orally communicated that he understood them and he was willing to go to the police station and give a statement. Defendant then went with McCarthy and continued talking with him. Further, given that only 2¹/₂ hours elapsed between McCarthy's initial contact with defendant and completion of defendant's written statement, and that nothing occurred that would have induced him to believe that he was no longer being investigated, we find that a second administration of full *Miranda* warnings was not essential before McCarthy took his written statement (*see People v Harper*, 165 AD2d 897, 898 [1990], *lv denied* 77 NY2d 906 [1991]; *People v Van Fonda*, 122 AD2d 489, 491 [1986]; *People v Crosby*, 91 AD2d 20, 29 [1983], *lv denied* 59 NY2d 765 [1983]; *People v Johnson*, 49 AD2d 663, 665 [1975], *affd* 40 NY2d 882 [1976]).

Defendant also contends that there is insufficient evidence of physical injury to the victim to sustain a conviction for aggravated sexual abuse in the first degree (*see* Penal Law § 130.70 [1] [a]). Initially, however, we note that defendant failed to preserve for our review his claim of a lack of proof of this particular element (*see People v Finger*, 95 NY2d 894, 895 [2000]; *People v Gray*, 86 NY2d 10, 19-21 [1995]; *People v Yellen*, 30 AD3d 634, 635 n 2 [2006]). Even if we were to consider it, we would find it to be unpersuasive. The victim testified that her assailant caused her pain by, among other things, repeatedly inserting what felt like a sharpened stick into her vagina. After the assault, she was in shock and experienced pain when urinating for two weeks. This evidence was legally sufficient to justify the jury's finding that the victim suffered physical injury (*see People v Pierce*, 266 AD2d 721, 722 [1999], *lv denied* 94 NY2d 951 [2000]; *People v Critzer*, 97 AD2d 878, 879 [1983]), and we are satisfied that this finding is not against the weight of the evidence.

Defendant's ineffective assistance of counsel claim is also without merit. Many of trial counsel's purported errors do not constitute ineffective assistance because they were completely

ameliorated by County Court, resulting in no adverse consequences for defendant (*see People v Fraley*, 144 AD2d 580, 580 [1988], *lv denied* 73 NY2d 921 [1989]). Nor is ineffective assistance established by the lack of success of counsel's strategy of convincing the jury that defendant's confession was neither voluntary nor true and should not be considered as identifying him as the victim's assailant (*see People v Jackson*, 25 AD3d 1012, 1015 [2006], *lv denied* 6 NY3d 849 [2006]). Rather, our review of the record reflects meaningful representation, as counsel made appropriate motions, obtained dismissal of one charge upon County Court's review of the grand jury minutes, made cogent opening and closing statements, effectively cross-examined witnesses and interjected appropriate objections (*see People v Benevento*, 91 NY2d 708, 714-715 [1998]).

Finally, we have considered defendant's remaining arguments regarding County Court's instructions to the jury and find them to be similarly unavailing.

Crew III, J.P., Peters, Spain and Kane, JJ., concur. Ordered that the judgment is affirmed.