OPINION OF THE COURT
 

 Levine, J.
 

 On this appeal, the issue presented is whether the People’s evidence was legally sufficient to support a conviction of reckless endangerment in the first degree (Penal Law § 120.25). Complainant testified that defendant, her former boyfriend, entered her home with a handgun tucked into his waistband. After accusing complainant of cheating on him, defendant yanked her head back by the hair and placed the weapon a couple of inches from her left temple. As complainant pleaded to be released, she could see defendant pulling back the hammer of the gun to cock the weapon. Defendant ultimately relented in response to her pleas and set the gun down. In a subsequent conversation with complainant recorded by the police, defendant admitted the gun was loaded, and later testing of the weapon by the police revealed that it was fully operational and properly functioning.
 

 At the close of the People’s proof, defendant moved to dismiss the first degree reckless endangerment count for insufficiency. The motion was denied and defendant was ulti
 
 *415
 
 mately convicted of that count. On appeal, the Appellate Division modified the judgment, with two Justices dissenting, by reversing the reckless endangerment conviction, concluding that defendant’s mere threatened use of the weapon without firing it could not support the conviction (203 AD2d 940). A Justice of the Appellate Division granted leave to appeal, and we now reverse.
 

 Penal Law § 120.25 provides that a person is guilty of reckless endangerment in the first degree "when, under circumstances evincing a depraved indifference to human life, he recklessly engages in conduct which creates a grave risk of death to another person”.
 
 *
 
 Unlike reckless homicide and assault statutes, the reckless endangerment statute does not proscribe a particular resulting outcome or injury; rather, it seeks to prevent and criminalizes the risk alone created by an actor’s conduct
 
 (People v Davis,
 
 72 NY2d 32, 36). Accordingly, "determining whether the crime was committed entails 'an objective assessment of the
 
 degree of risk
 
 presented by defendant’s reckless conduct’ ”
 
 (id.
 
 [quoting
 
 People v Register,
 
 60 NY2d 270, 277,
 
 cert denied
 
 466 US 953] [emphasis supplied]).
 

 We agree with the dissenters at the Appellate Division that the evidence of defendant’s conduct was legally sufficient to sustain the first degree reckless endangerment conviction. We reject defendant’s contention, premised upon
 
 People v Davis (supra),
 
 that when the use of a firearm is the foundation for a reckless endangerment charge, a discharge of the weapon is required before the violation is established. On the contrary, we noted in
 
 Davis
 
 that the "[t]he cases generally require that the weapon be fired,
 
 or at a minimum, capable of firing” (People v Davis, supra,
 
 at 36 [emphasis supplied]). To be sure, evidence of mere brandishing, waving, pointing or threatening to shoot a gun may under some circumstances insufficiently present the grave risk of death necessary to support a conviction of first degree reckless endangerment
 
 (see, e.g., People v Mendez,
 
 197 AD2d 485,
 
 lv denied
 
 83 NY2d 807 [evidence insufficient where defendant pointed revolver at officer’s midsection from a distance];
 
 People v Richardson,
 
 97 AD2d 693, 694 [evidence insufficient where defendant pointed loaded handgun at complainant from eight feet away with verbal
 
 *416
 
 threat]). Here, however, the proof was that defendant physically restrained the complainant by her hair, placed the handgun in close proximity to her temple and, most significantly, cocked the weapon
 
 (see, People v Magliato,
 
 68 NY2d 24, 30 ["leveling a loaded pistol, with the cocked hammer set to release under the slightest pressure, and pointing it at another * * * is conduct well beyond a warning or preparation for a deadly act”]). Affording the People the benefit of all favorable inferences, as we must, the trier of fact could reasonably have concluded that, by creating a situation where any sudden movement by the complainant or defendant could readily have resulted in the accidental discharge of the weapon into complainant’s temple, defendant recklessly created a grave risk of death under circumstances evincing a depraved mind.
 

 People v Davis (supra)
 
 is easily distinguished. In
 
 Davis,
 
 the defendant pointed a handgun at the windshield of an occupied police car, pulled the trigger, but the gun did not fire
 
 (supra,
 
 at 35). The evidence at trial established that the weapon had at that point been rendered inoperable due to a jammed cartridge from a previous firing
 
 (id.,
 
 at 37). Therefore, we held that this factual impossibility eliminated the grave risk of death essential to the commission of first degree reckless endangerment, such that the defendant’s conviction could not be sustained
 
 (id.).
 
 No similar factual impossibility impediment is present in the instant case, however. Not only did defendant admit that the gun was loaded at the time of the incident, but also the police report introduced into evidence established that the weapon was fully operable.
 

 Accordingly, the order of the Appellate Division should be reversed, and the case remitted to that Court for consideration of the facts
 
 (see,
 
 CPL 470.25 [2] [d]; 470.40 [2] [b]).
 

 Chief Judge Kaye and Judges Simons, Titone, Bellacosa, Smith and Ciparick concur.
 

 Order reversed and case remitted to the Appellate Division, Fourth Department, for further proceedings in accordance with the opinion herein.
 

 *
 

 Under the Penal Law, a person acts recklessly when he or she is aware of, but disregards, a substantial and unjustifiable risk that a result will occur or that circumstances exist, where such disregard constitutes a gross deviation from the standard of conduct that a reasonable person would have observed (Penal Law § 15.05 [3]).