OPINION OF THE COURT
Per Curiam.
Judgment of conviction rendered November 7, 1997 affirmed.
*952 Viewing the evidence in the light most favorable to the prosecution (see, People v Contes, 60 NY2d 620), we find that it was legally sufficient to establish the defendant’s guilt beyond a reasonable doubt. The defendant police officer recklessly engaged in conduct which created a substantial risk of serious physical injury to another person when he grabbed the 16-year-old, handcuffed complainant in a choke hold and squeezed “like a claw” until directed to stop by another officer (see, Penal Law § 15.05 [3]; § 120.20; People v Chrysler, 85 NY2d 413, 415; Matter of Louis Q., 180 AD2d 800).
As to the physical injury element of the crime of third degree assault, the complainant testified that the choke hold used by defendant was “so hard it stopped my breathing * * * [I]t caused me pain * * * [and] made me feel like I was trapped. It hurt my Adam’s apple. My Adam’s apple felt like it was being crushed because of the pressure that was being applied.” As a result of the incident, the complainant sustained a bruised, swollen, and aching neck, and had “deep red marks” on either side of his Adam’s apple, injuries which caused the complainant difficulty eating, sleeping and speaking. The testimony of a physician who examined the complainant one day after the incident in a hospital emergency room confirmed that there were areas of redness about “dime size” on both sides of the “windpipe area” of the complainant’s neck, and that the complainant had sustained a soft tissue injury consistent with one inflicted by “some sort of pressure”. In our view, this evidence supported the trial court’s finding that the complainant suffered physical injury within the meaning of Penal Law § 10.00 (9) (see, People v Bogan, 70 NY2d 860, 862; People v Driver, 248 AD2d 172; People v Jackson, 169 AD2d 887, 889-890, lv denied 77 NY2d 996).
Upon our independent review of the facts, we are satisfied that the verdict was not against the weight of the evidence (see, People v Bleakley, 69 NY2d 490, 495). Issues of credibility were placed before the trial court, as fact finder, and we find no reason to disturb its verdict.
We perceive no abuse of sentencing discretion.
McCooe, J. P., Davis and Gonzalez, JJ., concur.