■ The People of the State of New York, Respondent, v Billy Francine Jones, Also Known as Francine, Appellant. [704 NYS2d 420] —Judgment unanimously affirmed. Memorandum: Defendant appeals from a judgment convicting her following a bench trial of reckless endangerment in the first degree (Penal Law § 120.25) and criminal possession of a weapon in the third degree (Penal Law § 265.02 [4]). Contrary to defendant's contention, the conviction of reckless endangerment in the first degree is supported by legally sufficient evidence. Supreme Court credited the version of events related by defendant's brother-in-law and his girlfriend, an eyewitness, that defendant pointed a gun at her brother-in-law and fired, hitting a vehicle approximately one foot from where her brother-in-law was standing. Viewing the evidence in the light most favorable to the People (*see, People v Contes,* 60 NY2d 620, 621), we conclude that the court properly assessed the " 'degree of risk presented by defendant's reckless conduct' " (*People v Davis,* 72 NY2d 32, 36; *see, People v Chrysler,* 85 NY2d 413, 415) in determining that defendant is guilty of reckless endangerment in the first degree (*see, People v Zanghi,* 256 AD2d 1120, 1122, *lv denied* 93 NY2d 881).

Defendant's version of events, which was corroborated by defendant's sister, is not unreasonable. There is no basis to conclude, however, that the court, which had the opportunity to view the witnesses, "failed to give the evidence the weight it should be accorded" (*People v Bleakley,* 69 NY2d 490, 495; *see, People v Allen,* 267 AD2d 993). Finally, the sentence is neither unduly harsh nor severe. (Appeal from Judgment of Supreme Court, Erie County, Rossetti, J.—Reckless Endangerment, 1st Degree.) Present—Green, A. P. J., Hayes, Pigott, Jr., and Scudder, JJ.