■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ALVIN TEETS, Appellant. [742 NYS2d 641] —Appeal by the defendant from a judgment of the County Court, Putnam County (Miller, J.), rendered February 28, 2001, convicting him of reckless endangerment in the first degree and menacing in the second degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

The defendant contends that the evidence adduced at trial was legally insufficient to support his conviction of reckless

endangerment in the first degree and menacing in the second degree. Viewing the evidence in the light most favorable to the prosecution (*see People v Contes,* 60 NY2d 620), we find that it was legally sufficient to establish the defendant's guilt beyond a reasonable doubt. Moreover, upon the exercise of our factual review power, we are satisfied that the verdict of guilt was not against the weight of the evidence (*see* CPL 470.15 [5]). Contrary to the defendant's contention, his conduct in aiming a loaded shotgun at the complainants and then discharging it in close proximity to them was reckless and created a grave risk of death to another person. The fact that the defendant pointed and fired the gun at the complainants and not at an inanimate object distinguishes this case from *People v Sallitto* (125 AD2d 345).

It is well settled that the "cross-examiner is bound by the answers of [a] witness to questions concerning collateral matters inquired into solely to affect credibility" (*People v Pavao,* 59 NY2d 282, 288 [internal quotation marks omitted]). Thus, the trial court providently exercised its discretion in precluding rebuttal testimony on the collateral issue of the defendant's whereabouts prior to the crime (*see People v Aska,* 91 NY2d 979). Santucci, J.P., Friedmann, H. Miller and Schmidt, JJ., concur.