■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v STEVIE ROBINSON, Appellant. [790 NYS2d 586]—

Mugglin, J. Appeal from a judgment of the Supreme Court (Malone, Jr., J.), entered August 22, 2002 in Albany County, upon a verdict convicting defendant of the crimes of reckless endangerment in the first degree and resisting arrest.

On this appeal, defendant first argues that his conviction for reckless endangerment in the first degree is not supported by legally sufficient evidence or, alternatively, is against the weight of the evidence. Secondly, defendant argues that he did not receive a fair trial because of a *Ventimiglia* violation and prosecutorial misconduct during the summation. We disagree and affirm.

The trial testimony of two City of Albany police officers reveals that while they were in uniform and patrolling in a marked police car, they observed defendant, seated behind the steering wheel of his white Jeep, hand what the officers perceived to be two packets of marihuana through the open passenger door of the Jeep to defendant's brother. They immediately stopped their patrol car and one officer restrained defendant's brother. The other twice ordered defendant to shut off the Jeep's engine and, when he did not, this officer leaned in through the open passenger door in an attempt to do so. Defendant pushed the officer's arms away and caused the Jeep to lurch forward two or three feet toward a parked vehicle. The officer lost his balance and grabbed the door post to keep from falling. As the Jeep was then stopped, the officer elected to run behind it to reach the driver's side and shut off the engine. While behind the Jeep, he observed defendant look at him through the rear window and then back up so quickly that he had to scramble into or on a second parked car to avoid being struck. Defendant then sped from the scene.

Analyzing this testimony under the sufficiency of the evidence standard (*see People v Caruso*, 6 AD3d 980, 982 [2004], *lv denied* 3 NY3d 704 [2004]; *see also People v Bleakley*, 69 NY2d 490, 495 [1987]; *People v Contes*, 60 NY2d 620, 621 [1983]; *People v Brockway*, 277 AD2d 482, 484 [2000]) convinces us that rational jurors could find beyond a reasonable doubt that under "an objective assessment of the degree of risk presented by defendant's reckless conduct" (*People v Register*, 60 NY2d 270, 277 [1983]; *see People v Chrysler*, 85 NY2d 413, 415 [1995]), defendant created a grave risk of death to the police officer (*see* Penal Law § 120.25). Defendant's reliance on *People v Thacker*

(166 AD2d 102 [1991]) is misplaced. The actions of the defendant in *Thacker* negated a showing of depraved indifference to human life. He took evasive action to avoid striking pedestrians after the truck's clutch malfunctioned and he could not get it out of gear. In stark contrast, defendant, knowing both that the officer had ordered him to stop and that the officer was behind the vehicle, shifted into reverse and rapidly backed directly at the officer. That defendant stopped before injuring or killing the officer does not negate the finding that his reckless conduct *created* a grave risk of death. Obviously, had he not stopped, the indictment would have charged more serious criminal conduct. Defendant presented no witnesses but, through cross-examination, attempted to discredit and contradict the officers' testimony. Giving deference to the jurors' apparent credibility determinations (*see People v Lee*, 303 AD2d 839, 840 [2003], *lv denied* 100 NY2d 622 [2003]), we do not find that the verdict is against the weight of the evidence (*see People v Cahill*, 2 NY3d 14, 27 [2003]; *see also People v Bleakley, supra* at 495).

Next, defendant argues that he did not receive a fair trial because, during summation, the prosecutor denigrated defense counsel, misstated the law and distorted the burden of proof. A conviction must be reversed if " 'the conduct has caused substantial prejudice to the defendant so that he has been denied due process of law' " (*People v Russell*, 307 AD2d 385, 386 [2003], quoting *People v Tarantola*, 178 AD2d 768, 770 [1991], *lv denied* 79 NY2d 954 [1992]). Here, while the prosecutor may have misstated the law with respect to the elements of reckless endangerment in the first degree, Supreme Court immediately instructed the jury that it was to follow the law as charged by the court, thus diluting any prejudicial effect. Also, although portions of the prosecutor's summation may have exceeded what would be considered to be a fair response to defense counsel's closing argument or fair comment on the evidence (*see People v Halm*, 81 NY2d 819 [1993]), it did not rise to the flagrant and pervasive level of misconduct which would deprive defendant of due process (*see People v Russell, supra* at 386; *People v Ciborowski*, 302 AD2d 620, 622-623 [2003], *lv denied* 100 NY2d 579 [2003]).

Lastly, there is no merit to defendant's claim that he was denied a fair trial as the result of a *Ventimiglia* violation. The prosecution's questions of the officer regarding prior dealings with defendant were posed in conjunction with the officer's in-court identification testimony and were not offered to establish either a propensity to commit a crime or a history of prior convictions. Under these circumstances, we find no *Ventimiglia* violation nor prejudice to defendant's right to a fair trial.

Mercure, J.P., Spain, Lahtinen and Kane, JJ., concur. Ordered that the judgment is affirmed.