■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v NOEL ORTIZ, Appellant. [822 NYS2d 327]—

Rose, J. Appeal from a judgment of the County Court of Schenectady County (Catena, J.), rendered November 7, 2002, upon a verdict convicting defendant of the crime of assault in the second degree.

As the result of a violent altercation that caused the victim's hospitalization with a broken nose and subdural hematoma, defendant was indicted for the crimes of assault in the first degree, reckless endangerment in the first degree and menacing in the second degree. Following a trial during which he claimed self-defense, defendant was found guilty of assault in the second degree.

Defendant's sole contention on appeal is that the testimony by a police officer concerning a statement made to him was

hearsay that should not have been admitted under the present sense impression exception. The officer testified that, shortly after an adult eyewitness had called 911 to report the altercation, he questioned a "group of kids" who told him that defendant had chased the victim down the street. We are persuaded by defendant's argument that the youths' statement did not satisfy the requirement that "the description of events must be made 'substantially contemporaneously' with the observations" (*People v Vasquez*, 88 NY2d 561, 575 [1996], quoting *People v Brown*, 80 NY2d 729, 734 [1993]). Inasmuch as at least seven minutes had elapsed between the time of the event described and the officer's conversation with the youths, the reported statement was not sufficiently contemporaneous with the observation.

This error was harmless, however, because even if the officer's testimony had been excluded, there was no significant probability that the jury would have acquitted defendant in light of the overwhelming evidence of his guilt (*see People v Kello*, 96 NY2d 740, 744 [2001]; *People v Watson [Chippy]*, 299 AD2d 735, 738 [2002], *lv denied* 99 NY2d 627, 633 [2003]; *People v Mitchell*, 288 AD2d 622, 623 [2001], *lv denied* 97 NY2d 758 [2002]). The testimony of eyewitnesses provided ample independent evidence that defendant intentionally caused physical injury to the victim by, among other things, kicking him in the face while wearing work boots (*see* Penal Law § 120.05 [2]) and, as to his defense, that his slamming of the victim's head onto the pavement numerous times and kicking him in the face were unjustified (*see* Penal Law § 35.15 [1]; *People v Terk*, 24 AD3d 1038, 1039 [2005]).

Peters, J.P., Spain, Mugglin and Lahtinen, JJ., concur. Ordered that the judgment is affirmed.