■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JESSE WHITE, Appellant. [838 NYS2d 248]—

Mugglin, J. Appeal from a judgment of the County Court of Saratoga County (Scarano, Jr., J.), rendered April 2, 2004, upon a verdict convicting defendant of two counts of the crime of robbery in the second degree.

A jury, finding that defendant, aided by two others, used violence to take money from three victims, convicted him of two counts of robbery in the second degree. He was sentenced as a second felony offender to concurrent prison terms of 10 years with five years of postrelease supervision. Defendant now appeals and we affirm.

Initially, we reject defendant's claim that the verdict was against the weight of the evidence. A person is guilty of robbery in the second degree when he or she forcibly steals property and is aided by another person who, being sufficiently close and ready, willing and able to render aid, poses an additional risk of violence to the victim (see Penal Law § 160.10 [1]; People v Coleman, 5 AD3d 956, 957 [2004], lv denied 3 NY3d 638 [2004]). Defendant's argument is premised upon the testimony of defendant's two accomplices—both of whom had previously pleaded guilty to various crimes as a result of their involvement with the victims—who testified that defendant was not involved in the robbery. However, the prosecution witnesses consistently

testified that defendant participated in the robbery and used force to extract money. Additionally, defendant's participation was confirmed by an uninvolved witness who was a long-time friend of defendant. Under these circumstances, and according the required deference to the credibility determinations of the jury (*see People v Doherty*, 37 AD3d 859, 860 [2007]), and viewing the evidence in a neutral light, we conclude that the jury properly weighed the conflicting testimony and we reject defendant's claim that the verdict was against the weight of the evidence (*see People v Bleakley*, 69 NY2d 490, 495 [1987]; *People v Odom*, 36 AD3d 1027, 1029 [2007]). To the extent that defendant's brief may be read as challenging the legal sufficiency of the evidence, we note that this challenge has not been preserved for our review by a particularized motion to dismiss (*see People v Lozada*, 35 AD3d 969, 969-970 [2006]; *People v Yellen*, 30 AD3d 634, 635 [2006]). Were we to reach this issue, we would reject this challenge since, viewing the evidence in a light most favorable to the prosecution, there exists a reasonable basis upon which the jury could conclude that each element of the crimes charged was satisfactorily established (*see People v Khuong Dinh Pham*, 31 AD3d 962, 964 [2006]).

Defendant's contention that his due process rights were impacted by the failure of the prosecution to identify a victim relevant to each count of the indictment is meritless. A count of an indictment is sufficient for due process purposes if it provides enough factual information to allow the defendant to adequately prepare a defense (*see People v Sanchez*, 84 NY2d 440, 446-447 [1994]). Here, since defendant's defense was that he did not participate in the robbery, it is irrelevant for due process purposes which particular victim was associated with which particular count of the indictment. Moreover, the record reveals that the prosecution did identify the victim associated with each count and County Court so charged the jury. Notably, by failing to object to County Court's jury charge, defendant did not preserve this issue for our review (*see* CPL 470.05 [2]; *People v Richard*, 30 AD3d 750, 754-755 [2006], *lv denied* 7 NY3d 869 [2006]). In any event, defendant's present claim that the jury charge created duplicitous counts is meritless. Although a count of an indictment is rendered duplicitous if the evidence demonstrates that multiple criminal acts occurred making it impossible to determine the particular act upon which the jury reached its verdict or that each member of the jury convicted defendant for the same criminal act (*see People v Dalton*, 27 AD3d 779, 781 [2006], *lv denied* 7 NY3d 754 [2006]), that portion of County Court's charge which stated that "the injured person can be either [victim A, victim B or victim C], but all 12

of you must agree unanimously that at least one of those three received a physical injury" does not violate the statutory bar against duplicity nor the due process rights of defendant (*see People v Giordano*, 296 AD2d 714, 716 [2002], *lv denied* 99 NY2d 582 [2003]). In our view, the evidence of injury to each of the victims is overwhelming. Thus, the charge did not impact defendant's right to a fair trial.

Turning to the evidentiary errors that defendant claims County Court made, we agree that allowing testimony in the prosecution's case-in-chief that the codefendants had been engaged in freestyle rapping prior to the robbery was error. Defendant correctly observes that the mere act of rapping is not a prior bad act or uncharged crime which would be admissible under *People v Molineux* (168 NY 264, 279-305 [1901]). Although defendant's rapping may be inextricably interwoven into the narrative—as noted by County Court—the content of defendant's rapping has so little probative value on the issue of defendant's culpable mental state with respect to the robbery that the admission of such evidence is far too prejudicial. Nevertheless, in view of the overwhelming evidence of defendant's guilt, we conclude that the error is harmless since there is no view of the evidence which would suggest a significant probability that defendant would have been acquitted but for the wrongful admission of this evidence (*see People v Seit*, 86 NY2d 92, 97 [1995]; *People v Ortiz*, 33 AD3d 1044, 1045 [2006]).

With respect to County Court's *Sandoval* compromise, we find no basis upon which to disturb its decision that certain portions of each of defendant's eight prior convictions could be used during cross-examination should defendant testify since each was materially probative of defendant's credibility, voracity and honesty (*see People v Sandoval*, 34 NY2d 371, 376 [1974]; *People v Quiller*, 298 AD2d 712, 713 [2002], *lv denied* 99 NY2d 618 [2003]). Finally, defendant's arguments that he received the ineffective assistance of counsel and that the sentence was harsh and excessive are both meritless.

Crew III, J.P., Spain, Carpinello and Kane, JJ., concur. Ordered that the judgment is affirmed.