■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v SHANNON M. RYAN, Appellant. [847 NYS2d 726]—

Lahtinen, J. Appeal (1) from a judgment of the County Court of Rensselaer County (McGrath, J.), rendered June 16, 2005, upon a verdict convicting defendant of the crimes of criminal possession of a weapon in the second degree, criminal possession of a weapon in the third degree, attempted assault in the second degree and reckless endangerment in the first degree, and (2) by permission, from an order of said court, entered November 2, 2006, which denied defendant's motion pursuant to CPL 440.10 to vacate the judgment of conviction, without a hearing.

Defendant got into a fight with Christopher Coons, who was the boyfriend of defendant's sister, Tiffany Ryan. The fight occurred in the house shared by Coons and Ryan. Ryan attempted to intervene by placing herself between the two men and, when Coons was knocked to the floor, she sat on Coons to prevent him from following defendant as he exited the house. Defendant reentered the house allegedly brandishing a pistol and, while Ryan was still sitting on Coons, struck Coons several times with the pistol cutting his face. The gun was then fired, but no one was hit by the shot. Defendant fled as police were summoned. He was subsequently indicted on charges of criminal possession of a weapon in the second degree, criminal possession of a weapon in the third degree, attempted assault in the second degree and reckless endangerment in the first degree. A jury found him guilty of all four counts and he received a prison sentence of 15 years for the criminal possession of a weapon in the second degree conviction, with lesser concurrent sentences on the remaining counts, as well as five years of postrelease supervision. Defendant's motion to vacate the judgment of conviction was denied. He now appeals from the judgment of conviction and, by permission, from the denial of his CPL 440.10 motion.

The first argument advanced by defendant is that he did not receive the effective assistance of counsel. When addressing effective assistance of counsel, this state has long adhered to the meaningful representation standard, which provides that " '[s]o long as the evidence, the law, and the circumstances of a particular case, viewed in totality and as of the time of the representation, reveal that the attorney provided meaningful representation,' a defendant's constitutional right to the effective assistance of counsel will have been met" (*People v Henry*, 95 NY2d 563, 565 [2000], quoting *People v Baldi*, 54 NY2d 137, 147 [1981]). "[T]o establish ineffective assistance, a defendant must 'demonstrate the absence of strategic or other legitimate explanations' for counsel's allegedly deficient conduct" (*People v Caban*, 5 NY3d 143, 152 [2005], quoting *People v Rivera*, 71 NY2d 705, 709 [1988]). The Court of Appeals has instructed that " 'counsel's efforts should not be second-guessed with the clarity of hindsight' and that our Constitution 'guarantees the accused a fair trial, not necessarily a perfect one' " (*People v Turner*, 5 NY3d 476, 480 [2005], quoting *People v Benevento*, 91 NY2d 708, 712 [1998]).

Review of the record reveals that defendant's retained attorney pursued a feasible, though unsuccessful, strategy at trial. His opening and closing arguments, as well as his cross-

examination of the prosecution's witnesses, attempted to weave an argument that, if anyone possessed and fired a gun during the fracas, it was Coons. As part of this strategy, he elicited proof that Ryan repeatedly responded that she did not know who fired the shot when asked for such information during the 911 call. He also brought out significant discrepancies in the testimony of a neighbor who had identified defendant as the person leaving the house with a gun and argued to the jury that the person described by the neighbor could have been Coons. Defendant's contention that his trial counsel was ineffective because he allegedly failed to convey the People's final plea offer is eroded by his assertion that counsel improperly pressured him to accept a plea. His further assertion that counsel neglected a viable intoxication defense is not supported by sufficient evidence in the record. We are unpersuaded that the errors ascribed to counsel, considered cumulatively, deprived defendant of meaningful representation.

Next, defendant contends that the verdict was against the weight of the evidence. Since a different finding would not have been unreasonable, we weigh the relative probative force of conflicting testimony and the strength of conflicting inferences while according deference to the jury's opportunity to observe the witnesses (*see People v Romero*, 7 NY3d 633, 643-644 [2006]; *People v Bleakley*, 69 NY2d 490, 495 [1987]). Although Coons and Ryan were reluctant witnesses by the time of trial, testimony was elicited from Coons about hearing a shot immediately before defendant exited the premises and Ryan acknowledged seeing defendant with the gun and hearing a shot while he was swinging it at Coons. A nearby resident testified that he was outside and heard a gunshot and saw a person he identified as defendant run out of the front door holding a gun. A bullet was found lodged in the living room ceiling. Upon weighing and considering the evidence at trial, we are unpersuaded that the verdict was against the weight of the evidence. To the extent that defendant's brief appears to challenge the legal sufficiency of the evidence, such issue was not properly preserved for review (*see People v White*, 41 AD3d 1036, 1037 [2007], *lv denied* 9 NY3d 965 [2007]; *People v Yellen*, 30 AD3d 634, 635 n 2 [2006], *lv denied* 8 NY3d 951 [2007]), and we decline to exercise our interest of justice jurisdiction with respect thereto.

Defendant's assertion that County Court's failure to instruct the jury on either the justification defense or the intoxication defense was not preserved by a request at trial for either charge or an objection to the jury charge (*see* CPL 470.05 [2]; *People v*

*Richard*, 30 AD3d 750, 754-755 [2006], *lv denied* 7 NY3d 869 [2006]; *People v Wallace*, 8 AD3d 753, 756 [2004], *lv denied* 3 NY3d 682 [2004]). In any event, the facts at trial did not warrant either charge.

Defendant contends that the sentence was harsh and excessive. In imposing the maximum sentence on the top count, County Court noted defendant's extensive history of prior violent acts. We are unpersuaded that County Court abused its discretion or that there are extraordinary circumstances warranting a modification of the sentence in the interest of justice (*see People v Torra*, 309 AD2d 1074, 1076 [2003], *lv denied* 1 NY3d 581 [2003]). The remaining arguments have been considered and found unavailing.

Mercure, J.P., Mugglin, Rose and Kane, JJ., concur. Ordered that the judgment and order are affirmed.