■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v DUSTIN FORWARD, Appellant. [848 NYS2d 735]—

Mercure, J.P. Appeal from a judgment of the County Court of Madison County (DiStefano, J.), rendered September 21, 2006, upon a verdict convicting defendant of two counts of the crime of criminal possession of stolen property in the fifth degree.

After admitting to a police investigator that he stole several ceremonial rifles from a Veterans of Foreign Wars building in the Town of Lenox, Madison County, defendant was charged in an indictment with burglary in the third degree, grand larceny in the fourth degree, criminal possession of stolen property in the fourth degree (five counts), and criminal possession of stolen property in the fifth degree. Prior to trial, County Court dismissed three counts of criminal possession of stolen property in the fourth degree due to the People's failure to demonstrate that any of the rifles was operable (*see* Penal Law § 165.45 [4]). At the close of testimony, the court further converted the charge of grand larceny in the fourth degree to petit larceny, dismissed an additional count of criminal possession of stolen property in the fourth degree, and converted the remaining count of criminal possession of stolen property in the fourth degree to crimi-

nal possession of stolen property in the fifth degree. The jury ultimately convicted defendant of two counts of criminal possession of stolen property in the fifth degree and acquitted him of the burglary in the third degree and petit larceny charges. Defendant was thereafter sentenced to one year in the county jail, and he now appeals.

We affirm. Defendant concedes that his arguments regarding County Court's instructions to the jury are not preserved inasmuch as he did not object to the court's charge on the ground now asserted before us (see People v O'Hara, 96 NY2d 378, 383-384 [2001]; People v Zakrzewski, 7 AD3d 823, 824 [2004]). Moreover, under the circumstances of this case, we conclude that reversal in the interest of justice is unwarranted.

Turning to the merits of defendant's sole remaining argument, we reject his assertion that County Court committed reversible error in admitting a written report of his purported oral confession following the testimony of a police investigator regarding that confession. The oral admission had been reduced to a written report by the investigator the day after defendant had been interrogated, and the report was not signed by defendant. While the admission of the written report was not necessary to rebut any evidence introduced by defendant and, thus, constituted improper bolstering, we find that the error was harmless here (see People v Tejeda, 73 NY2d 958, 960 [1989]; cf. People v Seit, 86 NY2d 92, 95-96 [1995]; see also People v Crimmins, 36 NY2d 230, 241-242 [1975]).

Mugglin, Rose, Lahtinen and Kane, JJ., concur. Ordered that the judgment is affirmed.