■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JAMES DALLAS, Appellant. [871 NYS2d 504]—

Kavanagh, J. Appeal from a judgment of the County Court of Warren County (Hall, J.), rendered November 28, 2007, upon a verdict convicting defendant of the crimes of assault in the second degree, criminal possession of a weapon in the third degree (two counts) and menacing in the first degree (two counts).

Defendant was charged in a five-count indictment with assault in the second degree (count one), two counts of criminal possession of a weapon in the third degree (counts two and three) and two counts of menacing in the first degree (counts four and five). The charges stem from a series of incidents that occurred during the same evening in which the victim alleged that defendant threatened him on two different occasions with a dangerous instrument. During the first encounter, the victim alleged that defendant threatened, but did not injure, him with a large knife or hatchet. Later that same evening, the victim testified that defendant picked up another knife, poked him

with it in the chest and groin, and then cut him near his ear, causing a wound that required multiple sutures. After a jury trial, defendant was convicted of all charges and was thereafter sentenced, as a second felony offender, to concurrent prison terms of seven years, with five years of postrelease supervision, for the assault conviction, $3^1/2$ to 7 years for one criminal possession conviction and 2 to 4 years for one menacing conviction. He was also sentenced to concurrent prison terms of $3^1/2$ to 7 years for the second criminal possession conviction and 2 to 4 years for the second menacing conviction, with these two sentences to run consecutive to the first three sentences. He now appeals, raising a myriad of legal issues.

Initially, we note that the verdict was not, as defendant claims, against the weight of the evidence. Where a different verdict would not have been unreasonable, we must, in conducting a weight of the evidence review, "weigh the relative probative force of conflicting testimony and the relative strength of conflicting inferences that may be drawn from the testimony" (*People v Bleakley*, 69 NY2d 490, 495 [1987] [internal quotation marks and citations omitted]; *see People v Romero*, 7 NY3d 633, 643-644 [2006]; *People v Portee*, 56 AD3d 947, 949 [2008]) and must consider whether the prosecution witnesses, if believed, established all of " 'the elements of the crime[s] beyond a reasonable doubt' " (*People v Crawson*, 56 AD3d 1051, 1052 [2008], quoting *People v Danielson*, 9 NY3d 342, 349 [2007]). Here, two witnesses—the victim and Lisa Plumley—testified that while they were inside defendant's home, defendant suddenly became agitated towards the victim and, at two different times during the evening, threatened to cut him with a knife. The victim's testimony that, during the second encounter, defendant actually cut him with a knife behind his ear was corroborated by Plumley, who said that she saw defendant threaten the victim and then saw blood coming from behind the victim's ear. The location of the wound and the extent of the injury was confirmed by a nurse practitioner who treated the victim at a local hospital on the morning after the incident. While inconsistencies existed in the testimony given by the victim and Plumley, we are not convinced that these inconsistencies were so significant as to render their testimony incredible as a matter of law or that the resulting verdict was contrary to the weight of the evidence (*see People v Rosa*, 57 AD3d 1018, 1020 [2008]; *People v Collins*, 56 AD3d 809, 810 [2008]; *People v Littebrant*, 55 AD3d 1151, 1155 [2008]; *People v Clark*, 51 AD3d 1050, 1052 [2008], *lv denied* 10 NY3d 957 [2008]).

Defendant also challenges County Court's instructions regard-

ing the two counts of menacing in the first degree that were submitted to the jury for its deliberations because the court used identical language to describe each of these charges. As defendant failed to object to the court's charge, defendant's claim is not preserved for appellate review (*see People v Thaddies*, 50 AD3d 1249, 1250 [2008], *lv denied* 10 NY3d 965 [2008]; *People v Forward*, 46 AD3d 1222, 1223 [2007], *lv denied* 10 NY3d 811 [2008]; *People v White*, 41 AD3d 1036, 1037 [2007], *lv denied* 9 NY3d 965 [2007]). Moreover, under the circumstances presented here, we decline to exercise our interest of justice jurisdiction (*see* CPL 470.05 [2]; *People v Green*, 49 AD3d 1029, 1030 [2008]). With respect to the two menacing counts, there is no question that the jury had before it evidence that defendant, on two separate occasions, threatened the victim with two different weapons. Moreover, the court supplied the jury with a verdict sheet—to which there was no objection from defendant—that contained a notation identifying what weapon it was alleged was used to commit each menacing charge. Given those facts, defendant's failure to make an appropriate objection bars him from raising the claim on this appeal.

With respect to his sentence, defendant argues that County Court erred by making the sentences on counts one, three and five consecutive to the sentences on counts two and four because the crimes involved a single occurrence and, therefore, consecutive sentences were not permitted. We disagree. Concurrent sentences must be imposed "for two or more offenses committed through a single act or omission, or through an act or omission which in itself constituted one of the offenses and also was a material element of the other" (Penal Law § 70.25 [2]). Here, the indictment charged defendant with committing crimes at two separate intervals during the same evening. Initially, it charged that defendant threatened, but did not harm, the victim with a large knife. Later, after a period of time had passed, defendant again threatened the victim but, on this occasion, did so with a different weapon and actually cut him on the back of his ear. As such, these crimes were separate and distinct acts that were not part of the same event or criminal transaction and consecutive sentences could be imposed for their commission (*see People v Brown*, 80 NY2d 361, 364 [1992]; *see also People v Arroyo*, 93 NY2d 990, 992 [1999]; *People v Rouse*, 4 AD3d 553, 557 [2004], *lv denied* 2 NY3d 805 [2004]).

Finally, we note that defendant has an extended criminal history that involves at least 29 felony and misdemeanor convictions. Given his status as a second felony offender and the dangerous nature of the conduct that constitutes the instant of-

fense, we see no reason to disturb the sentence as imposed by County Court (*see People v Smith*, 27 AD3d 894, 898 [2006], *lv denied* 6 NY3d 898 [2006]; *People v Brodus*, 307 AD2d 643, 644 [2003], *lv denied* 100 NY2d 618 [2003]).

As for defendant's pro se arguments, County Court did not err by allowing the People to amend the indictment to enlarge the time frame within which it was alleged that the crimes were committed. Originally, the indictment charged that the crimes were committed "on or about May 13, 2007 at approximately 9:30 P.M." As amended, the time frame was changed to read "during the evening hours, or during the early morning hours of May 14, 2007." As such, the amendment did not work a substantive change in either the nature of the charges pending against defendant or the People's theory as to how each crime had been committed (*see People v Giordano*, 274 AD2d 748, 749 [2000]). His claims that the knives he used were not dangerous instruments and that the victim's injury was not sufficient to support a conviction for assault in the second degree have not been preserved for appellate review (*see People v White*, 41 AD3d 1036, 1037 [2007], *lv denied* 9 NY3d 965 [2007]; *People v Lackey*, 36 AD3d 953, 955 [2007], *lv denied* 8 NY3d 947 [2007]; *People v Terry*, 2 AD3d 977, 979 [2003], *lv denied* 2 NY3d 746 [2004]) and, in any event, are both lacking in merit. The remainder of defendant's pro se arguments have been reviewed and found to be without merit.

Peters, J.P., Rose, Lahtinen and Stein, JJ., concur. Ordered that the judgment is affirmed.