(March 26, 2009)

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v DIMAS VARGAS, Appellant. [875 NYS2d 625]—

Peters, J. Appeal from a judgment of the County Court of Broome County (Smith, J.), rendered June 30, 2006, upon a verdict convicting defendant of the crimes of criminal possession of a weapon in the second degree, criminal possession of a weapon in the third degree, reckless endangerment in the first degree, assault in the third degree and perjury in the first degree.

During the evening of September 23, 2005, defendant was at a bar in the City of Binghamton, Broome County with Tyreek McBride and Tyrone Hanna. An argument ensued, and the three exited the bar, continuing their verbal altercation in the parking lot. While McBride and defendant reached a resolution, the argument between defendant and Hanna persisted. According to McBride, who was standing near Hanna, defendant then retrieved a handgun from his vehicle and, after the argument resumed, fired a shot in the direction of Hanna. The bullet ricocheted off the ground and struck McBride in the hand. Defendant was thereafter charged with criminal possession of a weapon in the second degree, criminal possession of a weapon in the third degree, reckless endangerment in the first degree, assault in the third degree and perjury in the first degree. Following a jury trial, defendant was convicted as charged and sentenced, as a second felony offender, to a prison term of 2 to 4 years for the perjury conviction, to run consecutively to an aggregate prison term of 14 years for the remaining counts, as well as five years of postrelease supervision. He now appeals.

Defendant challenges his convictions of criminal possession of a weapon in the second degree, assault in the third degree, and reckless endangerment in the first degree as unsupported by legally sufficient evidence and against the weight of the evidence. When called upon to review the legal sufficiency of the evidence, "we view the evidence in the light most favorable to the People, and we will not disturb the verdict if the evidence demonstrates a valid line of reasoning and permissible inferences that could lead a rational person to the conclusion reached by the jury" (*People v Levy*, 52 AD3d 1025, 1026 [2008] [citation omitted]; *see People v Lynch*, 95 NY2d 243, 247 [2000]).

Defendant's assertion that the evidence was insufficient to identify him as the shooter is without merit. In addition to McBride's unequivocal trial testimony identifying defendant as the assailant, an uninvolved eyewitness, Charles Bidwell, testified

that he witnessed the argument, recognized defendant, whom he had seen on previous occasions at the bar, and recalled that at one point defendant "backed up with a handgun" and fired a shot. Furthermore, two friends of defendant testified that defendant told them that he had accidentally shot McBride, and one also stated that defendant used her telephone on the day after the shooting to call McBride at the hospital and apologize to him, which testimony was corroborated by McBride.

As to the criminal possession of a weapon in the second degree count, the evidence that defendant possessed a loaded and operable semiautomatic handgun, together with the presumption contained in Penal Law § 265.15 (4), was sufficient to establish that he possessed a weapon with the requisite unlawful intent (*see People v Berry*, 5 AD3d 866, 868 [2004], *lv denied* 3 NY3d 637 [2004]; *see also People v Johnson*, 46 AD3d 838, 839 [2007], *lv denied* 10 NY3d 841 [2008]). Further, there was a valid line of reasoning and permissible inferences by which a rational person could find that, by firing the handgun in the direction of McBride and Hanna and with other innocent bystanders nearby, causing the bullet to ricochet into McBride's hand, defendant committed the crimes of assault in the third degree (*see* Penal Law § 120.00 [2]; *Matter of Donald NN.*, 9 AD3d 537, 537 [2004]; *People v Teets*, 293 AD2d 766, 767 [2002], *lv denied* 100 NY2d 543 [2003]; *People v Speringo*, 258 AD2d 379, 380 [1999], *lv denied* 93 NY2d 929 [1999]) and reckless endangerment in the first degree (*see* Penal Law § 120.25; *People v Golden*, 37 AD3d 972, 973 [2007], *lv denied* 9 NY3d 844 [2007]; *People v Yellen*, 30 AD3d 634, 635 [2006], *lv denied* 8 NY3d 951 [2007]; *People v Graham*, 14 AD3d 887, 889 [2005], *lv denied* 4 NY3d 853 [2005]; *see also People v Carter*, 40 AD3d 1310, 1312 [2007], *lv denied* 9 NY3d 873 [2007]).

Moreover, we conclude that the verdict on these counts was not against the weight of the evidence. Contrary to defendant's contention, neither McBride's initial reluctance to identify defendant as the shooter nor the fact that he was testifying in order to avoid prosecution for perjury rendered his testimony unworthy of belief (*see People v Moore*, 29 AD3d 1077, 1079 [2006]; *People v Walker*, 279 AD2d 696, 698 [2001], *lv denied* 96 NY2d 869 [2001]). Further, despite the fact that some of the People's key witnesses were saddled with extensive criminal histories and testified in order to receive leniency with respect to pending criminal charges, their potential bias was fully explored on cross-examination and their testimony was not contradicted by any compelling evidence presented by defendant (*see People v Portee*, 56 AD3d 947, 949 [2008]; *People v Wright*,

22 AD3d 873, 875-876 [2005], *lv denied* 6 NY3d 761 [2005]). Evaluating the evidence in a neutral light and deferring to the jury's superior ability to evaluate the credibility of the various witnesses (*see People v Bleakley*, 69 NY2d 490, 495 [1987]; *People v Morris*, 25 AD3d 915, 918 [2006], *lv denied* 6 NY3d 851 [2006]), we find the verdict to be supported by the weight of the evidence.

Similarly unavailing is defendant's contention that his absence from a sidebar conference violated his right to be present at every critical stage of the proceedings. While a defendant's right to be present at all material stages of the trial includes sidebar conferences (*see* CPL 260.20; *People v Bellamy*, 34 AD3d 937, 939 [2006], *lv denied* 8 NY3d 843 [2007]), "that right does not extend to conferences which involve only legal or procedural issues" (*People v Levy*, 52 AD3d at 1028; *see People v DePallo*, 96 NY2d 437, 443 [2001]). Here, as the sidebar conference at issue involved solely questions of law, defendant's presence was not required.

Nor was defendant deprived of the effective assistance of counsel. Since the complained of testimony of defendant's wife concerned " 'daily and ordinary exchanges between the spouses' unprotected by the marital privilege" (*People v Parker*, 49 AD3d 974, 978 [2008], *lv denied* 10 NY3d 868 [2008], quoting *People v Melski*, 10 NY2d 78, 80 [1961]; *see People v O'Dell*, 36 AD2d 774, 774 [1971]), counsel cannot be faulted for not asserting the privilege. While we do agree that defense counsel should have objected to the trial testimony of one of the police officers as improper bolstering of Bidwell's prior identification of defendant (*see People v Buie*, 86 NY2d 501, 509-510 [1995]; *People v Carter*, 40 AD3d 1211, 1212 [2007], *lv denied* 9 NY3d 864 [2007]), this error was most certainly harmless in light of Bidwell's unequivocal and well-grounded identification testimony and the overwhelming evidence of defendant's guilt (*see People v Carter*, 31 AD3d 1056, 1057 [2006], *lv denied* 7 NY3d 901 [2006]; *People v Smith*, 266 AD2d 639, 641 [1999], *lv denied* 94 NY2d 907 [2000]). Counsel was not remiss in failing to object to certain remarks made by the prosecutor during summation inasmuch as such remarks constituted fair comment on the evidence or were in response to defense summation (*see People v Cherry*, 46 AD3d 1234, 1237-1238 [2007], *lv denied* 10 NY3d 839 [2008]; *People v Grady*, 40 AD3d 1368, 1374-1375 [2007], *lv denied* 9 NY3d 923 [2007]). The other errors attributed to defense counsel are either unsupported by the record or do not establish, either alone or when considered in the aggregate, that counsel was ineffective. Indeed, the record reveals that, among

other things, defense counsel mounted a reasonable defense, made appropriate motions, successfully impeached the credibility of many of the People's witnesses and made cogent arguments in his summation. Considering the totality of the circumstances, defendant was provided with meaningful representation (*see People v Benevento*, 91 NY2d 708, 712 [1998]; *People v Baldi*, 54 NY2d 137, 147 [1981]).

Finally, considering the nature of the crimes, defendant's extensive criminal history and his parole status at the time of the shooting, we perceive no extraordinary circumstances or abuse of discretion which would warrant reduction of the sentence (*see People v Lowe*, 53 AD3d 982, 983 [2008]; *People v Perkins*, 5 AD3d 801, 804 [2004], *lv denied* 3 NY3d 741 [2004]).

Defendant's remaining contentions are unpreserved for our review.

Cardona, P.J., Kavanagh and Stein, JJ., concur. Ordered that the judgment is affirmed.